*232 Opinion op the Cockt, by
Ch. J. Boyi.k.
THIS was an action of trespass quare clausum fregil. Not guilty was pleaded, with leave to give the special matter in evidence. Ón the trial it appeared that a judgment in ejectment had been recovered many years 2S° agahist Daniel Hornback, for the recovery of land incliiding.tho place on which the trespass is alleged to have been committed; that the plaintiff in this case claims Idle by a conveyance from the lessor of the plain-tiffin the ejectment; that Daniel Hornback having died, Polly Hornback, one of the defendants in this case, an{{ widow of Daniel Hornback, together with others, as his representatives, claiming under the title oí Reed, filed their bill with injunction to stay proceedings *233 upon the judgment in ejectment; that'the injunction had been dissolved as to the land on which the trespass’ is alleged to have bee^ committed; that Polly Horn-back had afterwards assented to the plaintiff’s taking possession thereof, who thereupon, by removing some old fencing, and with some new rails enclosed the place where the trespass is alleged to have been committed, and sowed it in grain; that Polly Hornback hada conveyance from Reed, under whose title she and those under whom she claimed, had been in possession for more than twenty years prior to the time when the plaintiff took possession; and that shortly thereafter, it being discovered -that the demise in the declaration in ejectment had expired before the plaintiff entered, the defendants, while the plaintiff’s crop of grain was growing, entered upon the land enclosed by him, removed the fence to its old situation, and reaped the crop which the plaintiff had sowed. .
Consent given by a defendant, knowledge d? these facts, & oftheconsetion^oTright ¡n the plaintiff in eject-plaintiff tenant at will or for one year°
statute against j’r^F^s & P®*' preventlts doing more; but the igno-defendant, of his own right and of want plaintiff*1 the would not render the en-ab
Difference a
On this state of case, the court, on the motion of the defendants, instructed the jury, that if Polly Iiornback had been twenty years in possession before the plaintiff go t the possession, the right was in her, and she might peaceably enter upon the land and retake the possession and remove the fence, unless she had given Hie plaintiff permission to enter before that time; and that if she was ignorant at the time she assented to the plaintiff’s possession, that the demise had expired, and of her right in consequence thereof, her assent should not bind her. To the giving of these instructions the plaintiff excepted, and a verdict and judgment having been rendered against.him, he has brought the case to this court by writ oí error.
Oí the correctness of the first branch of the mstrue-tions given by the circuit court, we have no doubt, The possession of land for twenty years, operates under the statute of limitations, not only to toll thé ri¿ht of entry of all adverse claimants, laboring under no dfsability; but to give to the party who has been so possessed, in case he should be ousted of the possession, a right to regain it by peacefully entering upon the land, or of.recovering it in an action of ejectment. Nor does the judgment in ejectment in this case, change the effect of the lapse of time; for the judgment could only give a right to enter during the continuance of the demise laid in ihe declaration, for which the "judgment was render *234 ed, and, of-course, after the demise bad expired, th'c r’S^2 *° enter uPon the land in virtue of the judgment, no longer existed. «
Rut with respect to the second branch of the instructions given b’y the circuit court, we cannot accord with that court.
• The permission given by Polly Hornback to the plaintiff, to enter upon and occupy the land, certainly could not extinguish her right or transfer the freehold to the plaintiff; for the permission being merely verbal, could not, under the statute against frauds and perjuiies, operate to transfer an interest for a longer term than for one year; but if her assent to his taking the possession of the land, and occupying it, had been given with a full knowledge of her right, it would have been-binding upon her, and would have legalized his occupancy of the land for one year.
.This seems, indeed, to be presupposed in the instruction given by the circuit court; for the instruction is predicated upon the hypothesis, that she was ignorant of her right. But we cannot admit that an ignorance or mistake of her right, can have the effect..of render-, higher assent entirely void, ab initio. An agreement • superinduced by mistake or fraud, is riot void, but voidable only; and hence it is, that the party who is prejudiced by such an agreement, may, at his election, affirm or avoid the agreement, and the other party’cannot do so; whereas, if it were void and not merely voidable, it could not be affirmed at the election of one party, and might be treated as a mere- nullity by either. If, then, the defendant’s agreement that the plaintiff should take possession and occupy the land, be not absolutely void, but voidable only, it cannot be said not to be binding upon her to any extent; for until she elected to avoid it, it would remain binding upon both parties, and as she made'no such election until he had entered upon the land and enclosed and sowed it, he thereby became her tenant at will, which is equivalent to-being a tenant for ■the year, and though she might determine her will, he could not, by the sudden determination of her will, during the year, be deprived of his right to reap the crop which he had sowed.
The judgment must be reversed with costs, and the cause be remanded that' the verdict may be set aside; and a new trial had, uot inconsistent with this opinon.