## CROFT v. TOPP.

1. To recover upon a decree rendered in a sister State in favor of infant wards, who there sued by their guardian, an action should be prosecuted in this State in the name of the wards as legal plaintiffs, and not by the guardian, merely describing himself as such on the record.

WRIT of Error to the Circuit Court of Greene.

This was an action of debt on the exemplification of a decree of the Court of Chancery, holden in the county of Giles in the State of Tennessee. The decree recited in the declaration is in favor of the plaintiff, as guardian of Virginia Meredith and Mary Meredith. To the declaration the defendant demurred, and his demurrer was overruled—thereupon he pleaded *nul tiel* record, and issue being taken thereon the cause was submitted to the Court for trial. To sustain the issue on

his part, the plaintiff offered the exemplification of the record of a decree in a Chancery suit rendered in the Court above referred to. From this transcript it appears that the bill was filed in the name of Virginia Meredith and. Mary Meredith, by their guardian, Dickson C. Topp, and that the decree is in favor of the complainant. The defendant objected to the exemplification as evidence because it did not show a decree in favor of the plaintiff, as alledged in his declaration, and was therefore insufficient to charge the defendant—but his objection was overruled and the transcript adjudged sufficient.

JONES, with whom was MURPHY, for the plaintiff in error.
J. B. CLARKE, for the defendant.

COLLIER, C. J.—The action upon the exemplification should certainly be prosecuted in the name of the parties in whose favor the decree was rendered; for it is a debt due them as much as if the defendant had obliged himself to pay them *eo nomine*, a certain sum of money. It is well settled that the party in whom the legal right is vested, must sue at law, and this although what may be recovered will go into the hands of another person. Thus in McLeod v. Mason, [5 Porter's Rep. 223,] where one guardian had resigned and another been appointed in his stead, upon a settlement with the Orphans' Court of the accounts of the former, it was held that the decree for what was ascertained to be due to the wards, should be in their favor, and not in favor of their guardian (the successor) as such. So in Sutherland v. Goff, [Ib. 508,] it was determined where the matter lies in action, the suit must be in the name of the ward. [See also 6 Porter's Rep. 9; 2 Ala. Rep. 406.] These cases are decisive to show that for the recovery of a debt due to infants, who are in wardship, the action must be sued in their name by their guardian, and not in the name of the guardian, although he may describe himself as such on the record. This being the law, it will follow, that to let in the exemplification as proof, the suit should have been brought in the name of the plaintiff's wards, and not in his own name.

In determining the law to be otherwise, the Circuit Court erred—its judgment is consequently reversed and the cause remanded, if the defendant in error desire it.