364 ALABAMA.

Doe ex dem. Kennedy's Heirs v. Reynolds.

## DOE ex dem. KENNEDY'S HEIRS vs. REYNOLDS.

[EJECTMENT—LANDLORD AND TENANT—RULES OF PRACTICE AND EVIDENCE.]

1. *Tenant incompetent witness for landlord.*—A tenant, who is in possession of the premises sued for, is not a competent witness for his landlord: if the verdict is against him, he would be liable for the mesne profits, and might also be turned out of possession; and since the mesne profits may be worth more than the rent of the land, his interest is not balanced.

2. *Injury presumed from error.*—If an incompetent witness, to whom objection is duly made and reserved, is allowed to testify to material facts, injury will be presumed from the error, unless such presumption is repelled by the record; and though some of the facts to which he deposes are proved by witnesses on the other side, yet this does not cure the error.

3. *Rules of practice and evidence prescribed by Code do not apply to suits pending when it took effect.*—The rules of practice and evidence prescribed by the Code, by force of the exception contained in section 12, do not apply to suits pending when it went into operation—to-wit, on the 17th January, 1853; and the provision of section 2211, which gives the defendant in real actions a right to demand an abstract of the plaintiff's title, is one of these rules.

4. *Parol evidence of judicial proceedings inadmissible.*—A witness cannot testify to the foreclosure and sale of mortgaged premises: the record of the suit is the proper evidence.

5. *Attornment of tenant does not destroy landlord's possession.*—Attornment to a stranger, by the tenant in possession, does not, of itself, destroy or affect the possession of his landlord.

6. *Recovery conclusive only as to term laid in demise.*—A recovery in ejectment is only for the unexpired portion of the term laid in the demise: after its expiration, plaintiff cannot have execution on his judgment; and if he enter, with or without execution, he is a trespasser, and attornment does not make the party in possession his tenant.

7. *Does not stop statute of limitations.*—A recovery in ejectment, without an entry under it, does not stop the statute of limitations.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

EJECTMENT for a lot of land in the city of Mobile; separate demises being laid from William R. Hallett, as executor of Joshua Kennedy, deceased, and from the children and heirs-at-law of said Kennedy. The defendant entered into the usual consent rule, pleaded not guilty, and made the statutory suggestion of adverse possession and valuable improvements.

The suit was commenced in July, 1852, and the trial was had in May, 1853.

"When the case was called for trial," as the bill of exceptions states, "the defendant proved that he had given the notice prescribed in section 2211 of the Code, and insisted on enforcing the rule there prescribed. The plaintiff insisted that said section, by reason of section 12 of the Code, was not applicable to this case ; but the court decided, that said section applied to cases begun before the Code went into effect, and laid over the case, and ordered the abstract of title therein prescribed to be given. The plaintiff excepted to this ruling of the court, and under it gave the abstract of title ; confining himself on the trial to the title embraced in the notice, and not offering any other.

"The plaintiff proved, at the trial, that Mary B. Horton, the party who had notice to defend, was in possession before and at the time the suit was brought, and still was (in possession), and produced her acknowledgment of tenancy from William R. Hallett, as executor of Joshua Kennedy, deceased ;" a copy of which, dated June 4, 1850, and acknowledging a lease from the day of its date until November 1, is appended to the bill of exceptions as an exhibit. He then proved the death of said Joshua Kennedy, and the probate of his will, of which a copy was offered in evidence ; and, further, "that the lessors of the plaintiff, as laid in the first demise, were the children of said Kennedy, and their husbands were as laid in said demise, and that William R. Hallett was his acting executor." He then offered in evidence a transcript of the proceedings had in another action of ejectment, in reference to the same lands now in controversy, commenced on the 31st October, 1837 ; from which appear these facts :

The plaintiff declared on two separate demises from Joshua Kennedy—one commencing on the first day of June, 1825, for the term of twenty years ; and the other, for the term of twelve years, commencing on the first day of June, 1837. The notice was served on Reynolds, the defendant in the present action, as tenant in possession ; and one Samuel W. Cochran appeared as his landlord, and defended the suit. The case was tried in April, 1843, and a recovery had by the plaintiff ; but no notice was taken of the death of Kennedy,

366 ALABAMA.

Doe ex dem. Kennedy's Heirs v. Reynolds.

the plaintiff's lessor, which is proved to have happened in 1838. On this judgment a writ of *habere facias possessionem* was issued on the 4th June, 1850, on which the sheriff made the following return: "Rec'd, 4th June, 1850, and on the same day I gave possession of the within described premises to William R. Hallett, executor of the estate of Joshua Kennedy, deceased."

"Plaintiff then proved, by the sheriff, that on the 4th June, 1850, he went on the premises with the writ of possession, and read it to Mrs. Mary B. Horton, who was in possession, and told her, that it was his duty to put Mr. Hallett in possession, but he was instructed not to put her out, if she would execute to Mr. Hallett an acknowledgment that she was his tenant, and sign a lease ; that she requested time to hear from Reynolds, who was then in New Orleans, saying that she was in as his tenant ; that he told her he would wait a few days ; that in three days he returned, taking with him said acknowledgment of lease above mentioned, and repeated the aforesaid expression about his duty ; whereupon Mrs. Horton said that she had not heard from Reynolds, and signed the lease. Plaintiff proved the value of the rents, and rested.

"Plaintiff proved a grant by the United States, of the whole square in which the lot sued for is, to Joshua Kennedy, under what is called the 'Price Grant' ; introduced certified and official maps, showing the premises in question to be within said grant ; and deduced title in the lessors of plaintiff, by proof of said Kennedy's will, the names of his children, and the husbands of the married females, as above shown. Defendant proved that Joshua Kennedy died in 1838, before the trial of said previous ejectment suit ; and then offered Mrs. Mary B. Horton, as a witness ; to which plaintiff objected, on the ground of incompetency. She was then examined, by order of the court, on her *voir dire*, and testified, that she had been in possession of the premises in question, as tenant of the party let in to defend, for nine years, and had paid rent each year up to last November ; that she was in, up to that time, under written leases, but had taken no written lease for this year, and had not been called on to pay rent, but was ready to pay it, when called on, to said Reynolds. The court ruled, that the test of competency was whether she

## JUNE TERM, 1855. 367

Doe ex dem. Kennedy's Heirs v. Reynolds.

was now the tenant of Reynolds, that the above statement showed that she was not, and that she was competent, and suffered her to be examined; to which plaintiff excepted. She testified, that she was, and had been for nine years, Reynolds' tenant; that the sheriff came to her, with the writ of possession, and read it to her, and told her he must turn her out unless she would give Mr. Hallett a lease; that Reynolds, her landlord, was then in New Orleans, and she asked the sheriff to write to him and inquire about the matter, to which he consented; that he returned, in three days, with the lease, and she told him that she had not yet heard from Reynolds; that the sheriff replied, ' she must sign it, or he would be compelled to put her out', whereupon she signed the lease.

"Defendant then proposed to introduce one Stickney, who, being examined on his *voir dire*, said, that in 1836 he sold the property in question to Reynolds, for $2,400 or $3,000, and gave him a deed, with a warranty to the extent of $1,000 only, to cover the value of the improvements; that he took a mortgage for the purchase money, which he foreclosed; that one DeCosta bought at the mortgage sale, and conveyed to Cochran, who defended the former ejectment; that he compromised his warranty with Cochran, after said recovery in the ejectment suit by Kennedy, and paid him $400 or $500, whereupon Cochran conveyed to him (Stickney) by quit-claim, and he by quit-claim to Reynolds in 1853, without any consideration, but reciting in the deed a consideration of one dollar. The court ruled him competent, and allowed him to testify; and plaintiff excepted. He gave evidence tending to prove said facts above stated by him on his *voir dire*, including the proceedings of foreclosure and sale, without the records being produced or accounted for; to which the plaintiff objected, and, his objection being overruled, excepted. After parol proof was allowed as to the mortgage and proceedings under it, and exceptions taken thereto, and in a subsequent part of the trial, defendant gave record proof of said matters.

"Defendant also gave evidence, by Stickney and another, tending to prove that Joshua Kennedy, about 1819, conveyed the whole square (of which the premises in question were part) to one Ware; that Ware conveyed it to Stickney, in

368       ALABAMA.

Doe ex dem. Kennedy's Heirs v. Reynolds.

1820, in payment of a debt; that Stickney took and held pos-session up to 1836, when he sold to Reynolds, who built on it and has since had the possession. There was, however, contradictory proof as to these matters, and evidence tending to show that the deed to Ware was from one ——, and not from Kennedy; that it was altogether different, and not ad-jacent land; that the premises in question were vacant (up) to 1836; and that Reynolds, since 1836, obtained title from Kennedy, through an intermediate vendor, for a valuable por-tion of the premises testified to and covered by said deed of 1819; and that Reynolds paid $2,000 for the same.

" Whereupon, the court charged the jury as follows :

" 1. The plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's.

" 2. In actions of ejectment, if the proof established the relation of landlord and tenant between the plaintiff and de-fendant, this alone would entitle the plaintiff to recover, because it implies possession and a better right on the part of the plaintiff, and the defendant is not permitted to dispute his landlord's title.

" 3. But, if the relationship of landlord and tenant is not established between the plaintiff and defendant, then the plaintiff, to recover, must show that, at the commencement of the action, he had title to the land in controversy, or a right to the possession of it, by showing an unbroken chain of docu-mentary evidence, or actual prior possession in himself, with claim of title, or prior possession, with claim of title, with regular conveyances from the possessor down to himself; and failing to establish some such position, the plaintiff would not be entitled to recover.

" 4. The question of the validity of the former judgment, in favor of Doe on the demise of Kennedy, becomes material, in connection with the writ of possession issued upon it and the lease accepted by the occupant at the time the sheriff un-dertook to dispossess her, as affecting the right of possession of the parties. And here it may be premised, that a judg-ment in ejectment, though ever so regularly obtained, does not affect the title to the ground in dispute, but only has the effect of giving to the plaintiff the right of possession; and with this right he may enter upon the ground, if he can do so

JUNE TERM, 1855. 369

Doe ex dem. Kennedy's Heirs v. Reynolds.

peaceably, without a writ. But, in the ·case at bar, what would be the effect, if Kennedy, the real plaintiff, at the time of the rendition of the former judgment, was dead? Upon this branch of the case, I charge you, that if you believe from the evidence that the real plaintiff was dead at the time of the rendition of the judgment, then, though the judgment may not for that reason have been a nullity, yet there was no person to whom the right of possession, in consequence of the judgment, could legally attach, and the right was (as it were) suspended until Kennedy's proper representative, heir or devisee, was recognized by judicial proceeding as the party entitled to the possession ; and in this view of the case, if Kennedy was dead at the time of the judgment, it not being now made to appear that any party was recognized by the court as entitled to the possession in lieu of, or as heir or devisee of, the deceased plaintiff, the judgment, and the writ of possession issued upon it, were totally ineffectual, and are mere waste paper, in respect to the right of possession ; and under these circumstances, if the occupant (Mrs. Horton), at the time the sheriff undertook to dispossess her, was in possession under a prior lease from Reynolds, then, whether she accepted the lease from Hallett voluntarily, or (as it were) under compulsion to prevent the sheriff from turning her out, such act of hers would not have the effect, as against Reynolds, of making her a tenant of Hallett, unless Reynolds assented to such attornment, nor would the acceptance of such a lease have the effect of interrupting the possession of Reynolds, her prior landlord. But, if the real plaintiff was not dead at the time of the judgment, then the right of possession did thereupon attach; and if, at the time the sheriff undertook to dispossess the occupant, there was a party recognized by the court as entitled to the possession, then, if the occupant, voluntarily or (as it were) under compulsion to prevent the sheriff from turning her out of possession, accepted a lease from the party entitled to the possession, such lease would be valid, and the occupant would thereby become tenant of the latter, as against any former lessor, and it would have the effect of interrupting the possession of the former landlord.

" 5. If the defendant, and those under whom he holds, have had uninterrupted adverse possession for the space of twenty

24

years before the commencement of the action, that is an available defence, and the plaintiff is not entitled to recover.

"6. If the ground in controversy belonged to Kennedy, from whom the plaintiff claims to derive title, and he conveyed it to one under whom the defendant claims, and the defendant has shown a regular chain of title from such vendee down to himself, this would be a good defence, unless the title passed back to the party under whom plaintiff claims.

"7. If defendant was landlord of the occupant, prior to and at the time the sheriff undertook to dispossess her; and at that time, the occupant, without notice to the prior landlord, or without a waiver on his part of the relation of landlord, accepted a lease from Hallett,—this would not prevent the defendant from setting up an outstanding title, or a paramount title in himself.

"8. If you find that the plaintiff is entitled to recover, you will find according to the provisions of sections 2201 and 2202 of the Code.

"To each of these charges the plaintiff excepted, and asked the court to charge the jury as follows :—

"1. If the jury believe that the sheriff went to Mrs. Horton, on the 4th June, 1850, with the writ of possession given in evidence, and read its contents to her, and civilly told her 'it was his duty to eject her, but that he was instructed by Mr. Hallett not to put her out, if she would give him a lease and become his tenant', and she consented to do so, and signed the lease,—then she became his tenant, and cannot dispute his title, nor can the party who is let in to defend as her landlord, but the jury must find for the plaintiff.

"2. That the former judgment and writ of possession are good and valid, until reversed or set aside, and cannot be impeached in this action ; nor can the defendant set up the death of the lessor of the plaintiff, nor the failure to sue out a writ of possession within a year and a day; as any defence in this suit.

"3. That defendant has shown no valid outstanding title, good against the plaintiff, if the jury believe that Mrs. Horton gave the lease under the circumstances mentioned in the first charge asked.

"4. That the former recovery puts an end to all presump-

## JUNE TERM, 1855. 371

Doe ex dem. Kennedy's Heirs v. Reynolds.

tion of title in defendant by lapse of time, and that he must defend in this action on the strength of his title, if the jury believe that the Jonathan Reynolds who received notice in the first suit is the same person now defending as landlord. ·

"Each of these charges, as asked, the court refused to give, and to each refusal plaintiff excepted."

All the rulings of the court above stated, to which exceptions were reserved, are now assigned for error.

ROBERT H. SMITH, for the appellant:

1. It was error to permit Mrs. Horton to testify as a witness. If she was not our tenant, she was Reynolds' (Adams on Ejectment, 110); and as tenant in possession, served with notice, she was incompetent. On recovery by plaintiff, she would be liable to an action for mesne profits, and the judgment would be conclusive on her.—Jackson v. Hill, 8 Cowen, 290; Baron v. Abeel, 3 Johns. 475; Chirac v. Reinicker, 11 Wheat. 296. Her incompetency appeared before she was called, and she could not by her own oath remove it.

2. It was clearly erroneous to permit Stickney to testify as to matters of record, and the error was not cured by the subsequent introduction of the record: *non constat* that the record agreed with his account of it, and the court cannot say which controlled the jury.

3. As to the charges: The judgment, being merely for the land, and not for damages, was not void because of the death of plaintiff's lessor.—*Ex parte* Swan, 23 Ala. 192; Baker v. Chastang's Heirs, 18 *ib.* 417; Mooberry v. Marye, 2 Munf. 453; Kinney v. Beverley, 1 Hen. & Mun. 531. The rule is, in such cases, to execute it under the direction of the court, as to who is to be put in possession.—Virginia cases *supra*. The writ of possession was only voidable, by reason of not having been sued out within a year and a day.—Jefferson v. Morton, 2 Saund. 6, note; Erwin's Lessee v. Dundas, 4 How. (U. S.) R. 58; Hollingsworth v. Horn, 4 Stew. & P. 249; 15 Ala. 230.

The term laid in the declaration is a mere fiction for the purpose of proceeding to judgment; and when that is done, it has spent its whole force, and is no longer of any use. It will always be enlarged.—Lessee of Maus v. Montgomery,

372 ALABAMA.

Doe ex dem. Kennedy's Heirs v. Reynolds.

10 Serg. & R. 192; Adams on Ejectment, 226. It might and would have been extended *nunc pro tunc.*—Riddle v. Lessee of Findlay, 6 *ib.* 227. Besides, under our statute of amendments, (Clay's Digest, p. 321, § 50,) no process is void for want or defect of form. As plaintiff could have corrected the process, on objection taken to it, yielding to it without objection was good. She might have yielded to a mere demand, based on the judgment, without any process. The objection was a mere matter of form, which she was not bound to insist upon.—Davenport v. Bartlett & Waring, 9 Ala. 186.

The previous recovery put the party to defend on the strength of his own title, and repelled all presumption of title from time.—Williams & Washburn v. Mills, 6 Cowen, 751; Jackson v. Rightmyre, 16 Johns. 324; Jackson .v. Walker, 7 Cowen, 642; Whitney v. Wright, 15 Wend. 179.

WM. G. JONES, with whom was WM. BOYLES, *contra:*

1. There was no error in requiring the plaintiff, on notice, to furnish an abstract of his title, as required by section 2211 of the Code. That provision is merely a rule of practice, or of evidence, and does not affect "the proceedings" in any action; and it is well settled, that the law of evidence existing at the time of trial governs as to the admissibility of evidence. Yarborough v. Moss, 9 Ala. 382–88. All the provisions of the Code in relation to evidence (such, for example, as sections 2299, 2302, 2313) apply to causes commenced before its adoption, as well as to those commenced since.—23 Ala. 668; 24 *ib.* 373.

But, even if this position is not correct, plaintiff was not injured by this ruling of the court. He could include, and doubtless did include in the abstract furnished, every title on which he could possibly rely; he did not pretend that he had any other title, and offered none other on the trial. How then was he injured?—1 Ala. 517, 582; 19 *ib.* 63; 20 *ib.* 65, 78; 21 *ib.* 38.

2. The ruling that Mrs. Horton was a competent witness, though the reason given for it may have been wrong, was correct. Either she had no interest in the case, or it was balanced. It is fair to presume that the rent was a full equivalent for the possession of the premises, and she had not

paid rent in advance. If the plaintiff recovered in this action, and turned her out of possession, she would not be bound to pay rent ; for it is well settled, that the rent ceases, if the tenant is ousted by legal process at the suit of a stranger. Comyn on Landlord and Tenant, (Law Library, vol. 26,) 523, 543. But, if her interest was not balanced, it was an interest in the event of the suit, and not in the record as an instrument of evidence (1 Phil. Ev. 97) ; and consequently she was competent under (§ 2302) the Code.

Here, also, if there was error, the record shows that no injury resulted from it to the plaintiff; for Mrs. Horton testified to no fact which had not previously been proved by his own witness.

3. Stickney was manifestly disinterested, and competent to testify. If there was error in permitting him to testify to the foreclosure of his mortgage, the error was cured by the subsequent introduction of the record itself.—20 Ala. 78.

4. There was no error in any of the charges given by the court, nor in refusing those asked by the plaintiff.

*First*—A tenant cannot oust his landlord, nor affect his possession, by attorning to a stranger, or by accepting a lease from a stranger, except at the landlord's election, or by his consent.—2 Co. Litt. (Thomas), top p. 466. At the time Mrs. Horton took the lease from Hallett, she was in possession as the tenant of Reynolds, and under a lease from Reynolds, executed after the previous recovery in ejectment. A lease obtained, under such circumstances, from Hallett, was a fraud on her landlord.—Baskin v. Seechrist, 6 Barr's R. 154, 163 ; Byrne v. Beeson, 1 Doug. (Mich.) R. 179 ; Mason v. Bascom, 3 B. Mon. 273 ; Jackson v. Harper, 5 Wend. 249.

*Second*—Our statutes (Clay's Digest, p. 320) materially alter the common-law rules as to actions of ejectment. On the death of Joshua Kennedy, the plaintiff's lessor, the suit ought to have been revived in the name of his personal representatives and heirs, or devisees. The lessor of the plaintiff is regarded as the real party ; and if he was dead at the rendition of judgment, the judgment is a nullity.—*Ex parte* Swan, 23 Ala. 192 ; Jordan v. Abercrombie, 15 *ib*. 580 ; The State, *ex rel.* Nabors' Heirs, 7 *ib*. 459. Even at common law, though the suit was not abated by the death of the plaintiff's

374 ALABAMA.

Doe ex dem. Kennedy's Heirs v. Reynolds.

lessor, yet no writ of possession could issue on the judgment until it was revived.—Adams on Ejectment, 346–7.

*Third*—No writ of possession was issued until the expiration of seven years from the recovery. The writ cannot be sued out after the expiration of a year and a day, unless the judgment is revived.—Clay's Digest, 206; Adams on Ejectment, 346.

*Fourth*—The term laid in the former ejectment expired on June 1, 1845, five years before the writ of possession issued. The law is, that a writ of possession cannot be issued, or executed, after the expiration of the term laid in the demise; and although the courts, on application, will sometimes extend the term, yet no such application was made in this case; and for this reason, also, the writ was a nullity as against this defendant.—Adams on Ejectment, pp. 215, 225, 227–8, 339; Jackson v. Haviland, 13 Johns. 229; Smith v. Hornback, 4 Litt. 232; Coghill v. Burriss, 2 Dana, 57; Wood v. Coghill, 7 Mon. 601.

*Fifth*—The writ never was in fact executed, as is shown by the testimony of the sheriff. He must actually turn out the party in possession, and put the plaintiff in. Here he did no such thing: acting under the directions of plaintiff, or his attorney, he only used the void process to extort from a woman her signature to a release.

GOLDTHWAITE, J.—We regard the admission of Mrs. Horton as a witness for the defendant on the trial below as erroneous, for the reason, that by her own statement she was his tenant, (Ames v. Schuesler, 14 Ala. 600; S. C., 16 Ala. 73), and a tenant cannot be a competent witness for his landlord; for if the verdict is against him, he would be liable for the *mesne* profits, and might also be turned out of possession, (Doe v. Forster, Cowp. 621; Bourne v. Turner, Strange, 632; Jackson v. Hill, 8 Cowen, 290); and his interest is not balanced, for the *mesne* profits may be more than the rent of the land.—Adams on Ejectment, (1 Amer. ed.) 337, 338.

It is urged, however, that no injury resulted from admitting the evidence of this witness, for the reason, that the facts which her testimony conduced to prove were established by the plaintiff's witness. It is true that the testimony of the

witness last referred to tended to prove that Mrs. Horton was the tenant of Reynolds at the time she accepted the lease from Hallett; but this was not the only fact proved by her when introduced by the defendant. She then testified that she had been his tenant for eight or nine years before her examination; and there was no testimony which conduced to prove this fact on the other side. The defendant relied on twenty years' possession; and the length of time he was proved to be in, by this witness, as his tenant, may have entered into the inquiry. The rule is, that injury must always be presumed from error, unless the contrary clearly appears. Frierson v. Frierson, 21 Ala. 549.

As to the right given by section 2211 of the Code, to the defendants in real actions, to demand an abstract of the plaintiff's title, we concede that it is nothing more than a rule of practice or evidence, and that it would apply to all such actions as were pending at the time the Code took effect, were it not for section 12, which provides that its provisions shall not affect any action commenced before its adoption. The words of the section referred to exclude the idea that the new rules of practice or evidence furnished by the Code are to be made an exception. It applies to all of its provisions; and the object undoubtedly was, to lay down a certain and definite rule for the direction of suitors and judges, in relation to the conduct of causes which had been commenced at the time the new law took effect, and to which for that reason some of its provisions might not be applicable. It was impossible to foresee what would be the result of commingling the two laws in the same case; and to avoid difficulties and embarrassments, which might arise from that cause, it was deemed better that all cases commenced under the old law should be governed by it from the time of their commencement to the final action of the court. Upon this class of cases the provisions of the Code have no more effect, than if it had never been adopted. As to them, the old law is, by the operation of the 12th section, kept alive.

From what we have said, it follows, that the court should not have required the abstract of title; but as the case must be reversed on other grounds, it is needless to inquire whether its action in this respect was, under the circumstances shown by the record, a reversible error.

The court erred, also, in allowing the witness Stickney to testify to the foreclosure and sale of the mortgaged premises. The records of the suit were the proper evidence.

In relation to the legal questions presented upon the charges given and refused, it is to be observed, than an attornment by a tenant does not, of itself, operate to destroy the possession of the landlord.—2 Thomas' Coke, 466; Porter v. Hammond, 3 Greenl. 188 ; Wilson v. Watkins, 3 Pet. 48 ; Jackson v. Harsen, 7 Cowen, 323; Jackson v. Harper, 5 Wend. 246. It would follow, therefore, necessarily, that if Mrs. Horton, at the time she accepted the lease of Hallett, was the tenant of Reynolds, the latter could not be affected by that, unless there were other circumstances which made the attornment effectual. We agree, that as the effect of a recovery in ejectment is to give the right to the plaintiff to obtain possession for the remainder of the term which he has obtained judgment,. the tenant may in such case protect himself against being turned out, by attorning to the party whom the law, as against his landlord, has declared entitled to the possession. But this depends upon the right which the plaintiff has to obtain possession by his judgment ; and when that right ceases to exist, that which is dependent upon it also ceases.—Mason v. Bascom, 3 B. Mon. 269, 273.

We will not discuss the question whether the judgment upon which the writ of possession issued was void. Concede that it had been rendered in the lifetime of Kennedy, and in his favor, and that the attornment had been made to him at the same time, and under the same circumstances it was made to Hallett ; it could not, in our opinion, have had any effect upon the landlord, Reynolds, for the reason, that the term of the demise, as declared upon in that action, had expired, and after that Kennedy would have had no right to issue execution ; and if he had entered, either with or without one, he would have been a trespasser.—Jackson v. Haviland, 13 John. 229 ; Smith v. Hornback, 4 Litt. 232 ; Aslin v. Parkin, 2 Burr. 665. The recovery was simply for the unexpired term ; and a plaintiff in detinue might just as well claim the right to have other property than that which he recovered delivered to him. This is, in effect, the reasoning of Lord Mansfield, in Aslin v. Parkin, *supra;* where, speaking of ejectment,

he says—"This judgment, like all others, only concludes the parties as to the subject-matter of it. Therefore, beyond the term laid in the demise, it *proves nothing at all*, because beyond that term, the plaintiff has alleged no title, nor could he be put to prove any."

Perhaps, if application had been made in time, the term might have been extended. We say nothing as to this, for it was not done ; but we are clear that the judgment, as it stood, could have conferred no authority upon Kennedy, had he been living, or upon his heirs, or devisees, he being dead, to enter with or without execution ; and that the acceptance of the lease by the tenant of Reynolds could not, under the circumstances, affect him, or make her the tenant to the party in whose favor it was.

The fact of a recovery in ejectment, without an entry under it, did not stop the statute of limitations.—Smith v. Hornback, *supra ;* Jackson v. Haviland, *supra.*

The views we have expressed upon the points presented by the record, will be sufficient for a correct determination of the case upon another trial.

Judgment reversed, and cause remanded.