# Holloway *v.* Grace.

*Bill in Equity by Wife against Purchaser at Execution Sale against Husband.*

*When wife, having adequate remedy at law, cannot come into equity to protect statutory separate estate.* — A married woman, having an unrecorded deed from her husband, for lands which he conveyed to her in consideration of her separate property previously converted by him to his own use, and which have been subsequently sold under execution against him, and recovered by the purchaser in an action of ejectment against her tenant, cannot maintain a bill in equity to enjoin a writ of *hab. fac. poss.* on the judgment, since she has an adequate remedy at law.

APPEAL from the Chancery Court of Chambers.

Heard before the Hon. B. B. McCRAW.

The bill in this case was filed by Mrs. Sarah E. Grace, a married woman, who sued by her next friend, against Caleb Holloway and James A. Grace (who was the complainant's hus-

band) ; and sought to enjoin the execution of a writ of *habere facias possessionem*, then in the sheriff's hands, which was issued on a judgment in ejectment recovered by the said Holloway against one I. N. Williams, tenant in possession, for a house and lot which the complainant claimed as belonging to her statutory separate estate, and which had been bought by said Holloway, at sheriff's sale under execution against said James A. Grace. The defendant, Holloway, demurred to the bill, both for want of equity, and because the complainant had an adequate remedy at law. The chancellor overruled the demurrer, and on final hearing, on pleadings and proof, rendered a decree for the complainant. The overruling of the demurrer, and the final decree, are now assigned as error.

J. J. ROBINSON, for appellant.

W. H. DENSON, *contra.*

B. F. SAFFOLD, J. — The purpose of the bill was to enjoin the execution of a writ of *habere facias possessionem*, issued upon a judgment of ejectment recovered by the appellant against the tenant of the appellee. The ground of relief is alleged to be, that the complainant, Mrs. Grace, had a separate statutory estate in 1856, a portion of which her husband converted to his own use. In March, 1868, in consideration of this indebtedness, he conveyed the property in question to her by deed, which was not recorded. In October, 1868, the defendant, Holloway, recovered a judgment against him on a note existing prior to the conveyance. The land was sold, under an execution issued on that judgment, as the property of the husband, and purchased by Holloway. He then commenced an action of ejectment against the person in possession, and obtained judgment, with the writ of *hab. fac. poss.* The bill was demurred to, for want of equity, and adequate remedy at law.

The effect of a judgment for the plaintiff in ejectment, is that he recovers possession of the premises for the term of the demise declared upon. *Kennedy's Heirs* v. *Reynolds*, 27 Ala. 364. If the defendant in the suit is merely a tenant, the landlord, nevertheless, though not made a party, is deprived of the possession, and put to his action of ejectment. Mrs. Grace occupies this attitude. Her title is not an equitable one only. She has a conveyance of the legal title, which is not affected, in this respect, by not having been recorded. No equity jurisdiction is shown.

The decree is reversed, and a decree will be rendered in this court dismissing the bill, on the ground of adequate remedy at law.