ISHAM TALBOTT'S ADM'R v. ELIZABETH DOWD, ET AL.
SAME v. ADAM MCKENZIE.
WHARTON MCKENZIE v. A. J. DUDLEY'S ADM'R, ET AL.

**Ejectment.**

A judgment in ejectment settles nothing but the right of the plaintiff to the possession of the premises at the time of the institution of the action.

**Writ of Execution—Adverse Possession.**

> Where a judgment in ejectment was rendered in 1853 and a writ of possession issued thereon in 1871, the issuance of such a writ was without legal vitality as against persons not parties to the ejectment suit, whose adverse possession had ripened into perfect title. The issuing of such a writ will not disturb their possession or title.

### APPEAL FROM GALLATIN CIRCUIT COURT.

#### September 16, 1876.

OPINION BY JUDGE LINDSAY:

A judgment in ejectment, at most, but settles the right of the plaintiff therein to the possession of the premises at the time of the institution of the action. It may be that it destroys any claim to title in the defendant, growing out of or depending upon the lapse of time and adverse possession, in a case in which the question of the ownership of the fee is directly involved, up to and including the day upon which the judgment is rendered. The authorities in this state do not go to the extent indicated. *Rice's Heirs v. Lowan,* 2 Bibb 149; *Petty v. Malier,* 15 B. Mon. 591; *Smith v. Hornback,* 4 Litt. 232. But for the purposes of this litigation we will treat the filing of the mandate of this court, affirming the judgment of the Gallatin Circuit Court, in favor of Talbot's lessor, as the date at which the appellant, Wharton McKenzie, and the appellee, Adam McKenzie, may claim that the statute commenced to run in favor of each of them respectively. This took place on the 23d day of September, 1853. The writ of habere facias, the execution of which was enjoined by said parties and by the appellee, Elizabeth Dowd, issued on the 1st day of May, 1871. The period intervening between these two dates is more than seventeen years.

The judgment in ejectment does not in any way affect the rights of Mrs. Dowd. Neither she nor any one through whom she claims was a party to that action, and she did not enter upon the possession of the premises to which she now claims title pendente lite. It was therefore manifestly correct to enjoin the execution of the writ of possession, so far as it was intended to operate to her prejudice.

But it is claimed as to the other parties that the issuing of the numerous writs of possession prevented the running of the statute in their favor. An examination of the returns on those writs shows that none of them were sued out for the purpose of being executed against the parties to this litigation. The attorney for the executors of Talbot directed the sheriffs not to execute the first writ as to either of

them. The succeeding five writs do not seem to have been placed in the hands of the sheriff at all. The seventh writ was not executed because there was no person present to receive the possession of the land. Some of the succeeding thirteen writs seem to have been placed in the hands of the sheriff, but most of them were delivered to the attorney for the plaintiffs in the judgment.

It is evident that there was no attempt to oust either of the McKenzies from the possession of the land held by them. We conclude that these writs were not sued out for the purpose of enforcing the judgment against either of said parties, and that they are not to be regarded as modifying or in anywise abridging their right to claim that they are invested with a complete possessory title to the tracts of land held by them respectively. The proof shows that they each hold and claim separate and distinct parcels, with established boundaries, and that they each, at all times since the rendition of the judgment of ejectment, claimed the tract held by him respectively, adversely to the claim of Dudley's executors and all other persons. We need not determine whether a judgment in ejectment can be kept alive over fifteen years, by the issuance of writs of possession. It is certain that it cannot be done unless they are sued out in good faith and for the purpose of being executed. We have already seen that none of the writs relied on in this case were so sued out.

Fifteen years being the period within which actions for the recovery of real property must be commenced, it follows that if Talbot's executors had sued in ejectment to recover the land in question the plea of limitation would have constituted an available defense, where, if the judgment rendered in 1849, and affirmed by this court in 1853, had been relied on as the basis of his title, it seems to result as a necessary consequence that the writ of possession sued out on that judgment, on the 1st day of May, 1871, was without legal vitality. Adverse possession had ripened the claim of those in possession into perfect titles, and their possession could not be lawfully disturbed by a writ issued by a mere ministerial officer, at the instance of the party against whom they claim.

The evidence presented by the record does not sustain the averment that the claimants of the lands were allowed to remain in possession because they were offering to purchase from the plaintiffs in the judgment in ejectment. They were each and all, no doubt, willing to buy their peace, but neither of them at any time failed to assert title in himself.

It is claimed that Wharton McKenzie suspended the running of

the statute of limitations by an order of injunction sued out in 1853. But the record shows that so far as Wharton McKenzie is concerned there was never an injunction granted to him except as to the 45-acre tract conveyed to him by Speagle, and of this tract he was finally adjudged to be the owner. Talbot's executors were at no time enjoined by him from enforcing his judgment in the ejectment suit, as to the lands he is now claiming.

It is not necessary that we shall express an opinion as to whether the administrator, with the will annexed, of Isham Talbot, deceased, can, without a regular revivor in his favor, enforce a judgment in ejectment rendered in favor of the deceased executor of said will, as we are of opinion that the lapse of time, with continued adverse holding by the parties in possession, is conclusive of the questions in issue.

Wherefore the judgments in favor of Elizabeth Dowd and Adam McKenzie are *affirmed,* and the judgment against Wharton McKenzie is *reversed,* and the cause remanded with instructions to perpetuate the injunctions heretofore sued out by him.

*T. N. & D. W. Lindsey, for appellants.*

*J. J. Landrum, for appellee.*