# Rogers *v.* Boynton.

*Statutory Real Action in Nature of Ejectment.*

57　501
122　404

57　501
130　534

*When tenant can not set up title in another to defeat landlord's recovery.* A tenant entering and taking possession under a landlord whose title ever afterwards remained the same—no misrepresentation having been made or fraud practiced on the tenant, and he not having been evicted either during the continuance of the term or afterwards—can not set up paramount title in another, to whom the tenant attorned, to defeat the landlord's recovery.

APPEAL from the City Court of Selma.
Tried before the Hon. JONATHAN HARALSON.

JOHNSTON & CLARK, for appellant.

WHITE & WHITE, *contra.*

STONE, J.—The appellant, Rogers, entered into possession of the premises in controversy, under a contract of renting made with the appellee, Boynton—the terms being for the year 1876. At the end of the year he held over, and refused to surrender; and this action was brought by Boynton to recover possession. Rogers first sought to have one Lucretia Andrews and others made defendants as his landlords; and failing in that, he attempted to defend under their title, as superior to that of Boynton. He pleaded that near the close of the year 1876, the said Lucretia Andrews and others claimed the possession, exhibited to him a title which was paramount to that of Boynton, and threatened to

evict him if he did not attorn to them, and agree to pay them rent. That their title was paramount to that of Boynton ; and believing it to be so, he in good faith, and to prevent eviction, had attorned to them. This, he contends, is equivalent to eviction, and hence he claims that the said Lucretia Andrews and others are his landlords, and that he is in by virtue of their title. The court disallowed the defense, and his ruling in this regard presents the sole question for our decision. There is no pretence that the title of Boynton failed, or grew worse, after Rogers accepted the lease and possession under him; that Boynton made any misrepresentation, or perpetrated any fraud, in letting the lands to Rogers ; or, that the latter has in fact been evicted. This case, then, is brought directly within the rule, fully and uniformly declared in this State, "that a tenant can not dispute the title of his landlord, either during the continuance of the term, or after its expiration."—*Shelton v. Eslava,* 4 Ala. 238 ; *Randolph v. Carlton,* 8 Ala. 606 ; *Henley v. Br. Bank,* 16 Ala. 552 ; *Russell v. Erwin,* 38 Ala. 44 ; *Kennedy v. Reynolds,* 27 Ala. 364 ; *Crawford v. Reynolds,* 54 Ala. 463. Not until after he has restored the possession to his landlord, can a tenant assert paramount title in himself. But, having restored possession after the termination of his lease, he may, by suit, assert such paramount title ; and to a suit then brought, his prior possession as tenant will be no bar. *Smith v. Mundy,* 18 Ala. 182.

There is no error in the record, and the judgment of the City Court is affirmed.