# Campbell *v.* Davis.

*Bill in Equity to set aside Fraudulent Conveyance as Cloud on Title.*

1. *Parties to bill; misjoinder, and how taken advantage of.*—Where a judgment debtor, owning an undivided interest in a tract of land, joins with the other part owners in a conveyance, which, though absolute on its face, is intended only as a mortgage, or security for money loaned, and a judgment creditor files a bill to set it aside on the ground of fraud, the other grantors and part owners are neither necessary nor proper parties to the bill, since the creditor has no rights in or to the interest conveyed by them; but their misjoinder is a defense personal to them, and is not available as ground of demurrer to the grantee.

2. *Absolute conveyance intended as mortgage; validity as against creditors.*—A conveyance, executed by an insolvent or embarrassed debtor, absolute in terms, but intended only as a mortgage or security for a debt, operates a secret reservation of benefit to him, and is fraudulent in law as against his existing creditors.

3. *Fraudulent conveyance operating as security or indemnity.*—When a conveyance is held constructively fraudulent, because of the inadequacy of the consideration paid, it may be allowed to stand as security for the actual consideration paid, if the grantee did not par-

[Campbell v. Davis.]

ticipate in the fraudulent intent of the grantor; but this principle does not apply to a conveyance which is wholly fraudulent, as where, though absolute on its face, it is intended to operate only as a mortgage.

4. *Removal of cloud on title; possession entitling party to ask; estoppel between landlord and tenant.*—To entitle a party to ask the interference of a court of equity to remove a cloud on his title to land, cancelling a fraudulent conveyance, he must be rightfully in possession. If he acquired the possession wrongfully, as by attornment of the fraudulent grantor while in possession as the tenant of the grantee, such possession does not entitle him to the assistance of the court. But, if the fraudulent grantor was in fact holding in his own right, the renting being nominal merely, attornment by him is effectual, and the plaintiff thereby acquires a rightful possession.

APPEAL from the Chancery Court of Lawrence.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 31st December, 1886, by Hiram W. Davis and Mrs. Margaret K. Hayes, as joint complainants, against Lucien D. Campbell, Henry C. Montgomery, and others; and sought to cancel and set aside, as a cloud on complainants' title to a tract of land, which they had bought at sheriff's sale under execution against said H. C. Montgomery, a conveyance which he had previously executed to said Campbell. The tract of land contained more than one thousand acres, and had belonged to one J. F. Montgomery, a brother of said Henry C.; and on his death intestate, it had descended to his surviving brothers and sisters, seven in number. The conveyance to Campbell, which was dated February 9th, 1886, was absolute in form, and recited the payment of $6,000 as its consideration; and it was signed by all of the brothers and sisters except one. The sheriff's sale was made on the 13th December, 1886, under three executions in his hands against said Henry C. Montgomery, one in favor of C. R. Ryan & Co., and the others in favor of the complainants in the bill. The judgment in favor of Ryan & Co. was rendered on the 22d April, 1886, and a former execution on it had been returned "No property found." The judgments in favor of H. W. Davis and Mrs. Hayes were each rendered on the 28th October, 1886. The aggregate of these three judgments was nearly $1,600, and it was alleged in the bill that they were founded on debts contracted in August, October, and November, 1885. The bill alleged, also, that the land was worth $15,000; that the conveyance to Campbell, though absolute on its face, was intended only as a mortgage to secure the payment of $6,000, money advanced by Campbell to said H. C. Montgomery as a loan, and was fraudulent and void as against the existing

|Campbell v. Davis.|

creditors of said Montgomery; that Montgomery remained in possession of the land, by the terms of the contract between him and Campbell, under a simulated agreement to pay rent, but really in his own right; that complainants, after receiving the sheriff's deed, made a written demand of possession; that said Montgomery "duly complied with said demand, and delivered possession of said land to complainants as such execution purchasers; that complainants are now in possession and control of said land, and have rented the same to said Henry C. Montgomery for the year 1887." It was alleged, also, that the several defendants, other than Campbell and H. C. Montgomery, "had or claimed some title or interest in said lands, the character and extent of their respective claims or interests not being fully known to complainants;" and that the conveyance to Campbell was made absolute in form for the fraudulent purpose of delaying, hindering, and defrauding the creditors of said H. C. Montgomery, which fraudulent purpose was known to Campbell.

A demurrer to the bill was filed by Campbell, for want of equity (specifying several particular grounds), for misjoinder of parties, and because the complainants had an adequate remedy at law. The chancellor overruled the demurrer, and his decree is here assigned as error.

J. B. MOORE, R. O. PICKETT, and E. H. FOSTER, for the appellant.—(1.) The bill is without equity, because it contains no sufficient allegations of fraud, nor is it shown that H. C. Montgomery, at the date of the conveyance to Campbell, was insolvent, or even in embarrassed circumstances. *Clay v. Dennis*, 3 Ala. 375; *Flewellen v. Crane*, 58 Ala. 627; *Pickett v. Pipkin*, 64 Ala. 520; *Morgan v. Morgan*, 68 Ala. 80; 52 Ala. 282; 56 Ala. 241; 67 Ala. 542. (2.) The bill contains no offer to do equity, by refunding to Campbell the amount advanced by him, or allowing the land to stand as security for his reimbursement.—35 Ala. 569; 20 Ala. 426; 15 Ala. 57; 1 Story's Equity, § 64 a; 1 Dan. Ch. Pr. 457. (3.) The bill shows that the complainants are not rightfully in possession, claiming only under an attornment by Campbell's tenant. An owner of land can not be dispossessed by an execution sale against his tenant, and a collusive attornment by his tenant to the purchaser.—*Russell v. Erwin*, 38 Ala. 50; 16 Ala. 321; 18 Ala. 182; 27 Ala. 364; 28 Ala. 660. Not having rightful possession, complainants have no standing in equity.—*Plant v. Barclay*, 56 Ala. 561; *Turn-*

[Campbell v. Davis.]

*ley v. Hanna*, 67 Ala. 101.    (4.) There is a misjoinder of defendants to the bill.

W. P. CHITWOOD, CABANISS & WARD, and SHELBY & WALKER, *contra.*—(1.)  The deed to Campbell, being absolute in form, but intended only as a mortgage, is fraudulent in law as against the existing creditors of the grantor, without regard to any actual fraudulent intent, or the pecuniary condition of the grantor.—*Sims v. Gaines*, 64 Ala. 392; *Bryant v. Young*, 21 Ala. 264; *Hartshorn v. Williams*, 31 Ala. 149; *Fellows v. Lewis*, 65 Ala. 343; *Jones v. Wilson*, 69 Ala. 400; *Lockard v. Nash*, 64 Ala. 385.    (2.) On the allegations of the bill, H. C. Montgomery was in possession in his own right, and not as the tenant of Campbell; and his attornment to complainants put them rightfully in possession.    (3.) Campbell can not take advantage of the misjoinder of other defendants.—*Ware v. Curry*, 67 Ala. 274; 1 Brick. Digest, 753, § 1689; 3 *Ib.* 373; 72 Ala. 563.

CLOPTON, J.—The land in controversy was sold by the sheriff, under executions issued on three several judgments, rendered against Henry C. Montgomery, in favor of appellees and C. R. Ryan & Co., respectively.  The appellees became the purchasers at the sale, to whom the sheriff executed a conveyance.   J. F. Montgomery, the brother of H. C. Montgomery, owned and possessed the land at the time of his death, which on his death descended to his seven heirs at law.   In February and March, 1886, before the rendition of the judgments, but after the debts of the judgment creditors were contracted, all the heirs except one conveyed the land to appellant, upon a recited consideration of six thousand dollars paid, the judgment debtor being one of the grantors. The bill is filed by appellees, as such purchasers, to have the conveyance by the judgment debtor declared fraudulent and void as to them, and to remove it as a cloud on their title.   It alleges that the six thousand dollars, recited as the consideration price, was in fact a loan, and that the conveyance, though absolute in form, was intended as security for the loan.   The exhibits to the bill show that the judgment debtor owned only one seventh interest in the land.   This is the *quantum* of interest acquired by complainants.   None but creditors or purchasers, whose rights are offended, can complain of a fraudulent conveyance.   It is valid as between the parties, and as against all other persons.   However

[Campbell v. Davis.]

fraudulent may be the conveyance as to the interest of the other tenants in common, the complainants have no right to assail it, and to have it set aside, as fraudulent. The other heirs at law were unnecessary parties, and were improperly joined; but the right to make this objection is personal to them; a co-defendant can not take advantage of the misjoinder.—*Ware v. Curry*, 67 Ala. 274.

2. It has been the established doctrine in this State, too long to be considered within the pale of controversy, that an absolute conveyance of land, made by an embarrassed or insolvent debtor, intended to operate as a security for a debt, antecedent or contemporaneously contracted, is fraudulent and void against the existing creditors of the grantor. Actual fraud, an intent to delay, hinder or defraud creditors, is not essential. The fraud is deduced by the law from the fact that such conveyance operates a secret reservation of a benefit—the equity of redemption—for an embarrassed debtor. The parties will not be heard to deny or rebut the conclusion. Though the bill alleges that the deed was made absolute in form for the purpose of concealing the true character of the transaction, and to cover up the property of the debtor so that it could not be reached and subjected to the payment of his debts—fraud in fact—no other facts showing fraud need be averred, than that the conveyance is absolute in form, was intended as security for a debt, and was made by an embarrassed debtor.—*Bryant v. Young & Hall*, 21 Ala. 264; *Hartshorn v. Williams*, 31 Ala. 149; *Sims v. Gaines*, 64 Ala. 392; *Hill v. Rutledge*, at present term.

The allegations, that the debts of the creditors were contracted in 1885, that one of the judgments was rendered in April, 1886, and that an execution issued thereon was returned "no property" to the succeeding term of the court, at which term the other judgments were rendered, are averments of fact sufficient to show *prima facie* the embarrassed, or insolvent condition of the judgment debtor. The complainants are not required to offer to pay the money loaned. When a conveyance is constructively fraudulent, because of inadequacy of consideration, it may be permitted, the grantee not participating in any fraudulent intent of the grantor, to stand as security for the consideration actually paid; but, when it is wholly fraudulent, either in fact or in law, it will not be allowed to stand for the purpose of reimbursement. *Caldwell v. King*, 76 Ala. 149.

As a general rule, a tenant is estopped to deny the title of

[Friedman & Loveman v. McAdory.]

his landlord, either during the continuance, or after the expiration of the term.　Before the tenant will be heard to assert an outstanding title in himself, or in a stranger, he must surrender the possession to his landlord, unless his title has expired, or been extinguished, or the reversion has passed by a valid alienation to the tenant or a third person, since the commencement of the tenancy.　The attornment of the tenant to a stranger does not, of itself, destroy the possession of the landlord.—*Rogers v. Boynton*, 57 Ala. 501. Also, when possession of the rented land is tortiously gained from the tenant, or otherwise, so as to entitle the landlord to maintain an action of forcible entry and detainer, a court of equity will not, on such possession, entertain a bill at the instance of the tortfeasor, to remove a cloud from his title to the land.—*Turnley v. Hanna*, 67 Ala. 101.　Equity will not extend aid to protect a possession acquired by unfair or unlawful means.　The possession, which gives jurisdiction in such cases, must be rightful.　But the allegations of the bill are, that though Montgomery is in possession nominally as tenant, under a contract of lease, the renting was simulated and fictitious, a device contrived to deceive and divert, and to hinder, delay and defraud his creditors—part and parcel of the fraudulent transaction; and that he was never really tenant, but remained in possession of the land as his own. If these be the facts, and we must assume their truth on demurrer, the tenancy is fraudulent, and there is no tenancy as against the complainants; and if Montgomery, being the execution debtor, attorned to them, under such circumstances, they acquired rightful possession, to protect which a court of equity will entertain a bill to remove a cloud from their title.　If not proved, the equity of the bill must fall.

Affirmed.

