## KILLMER against CRARY.

IN ERROR, on *certiorari* to a justice's court.

The admission of the affidavit of any other person than the party himself, for the purpose of obtaining a second adjournment, on account of the absence of material witnesses, rests in the sound discretion of the justice; and if it do not appear that that discretion has been abused, his judgment will not be reversed.

The plaintiff in error, who was the defendant in the court below, having, on the return of the summons, obtained an adjournment, appeared, on the day to which the cause was adjourned, by attorney, and requested another adjournment on account of the absence of material witnesses. The application was opposed by the plaintiff below, and one of the grounds of opposition was, that the attorney could not make the affidavit that the witnesses were material; upon which the attorney stated that the defendant was sick, and could not attend. The justice examined a witness as to that fact, and concluded, from what the witness stated, that the defendant could have attended, and refused the affidavit of the attorney. The parties then proceeded to trial, and a verdict was found for the plaintiff below, the defendant in error.

*Per Curiam.* The only question in this case is, whether the justice ought to have received the affidavit of the attorney, as to the absence and materiality of the witnesses. This was, in some manner, a matter resting in the sound discretion of the justice; and from the evidence returned, as to the inability of the defendant to attend the court, we cannot say that there was such an abuse of this discretion as to justify the setting aside the judgment. It is clear that the defendant might have attended court. The cause of his inability alleged, was a complaint in his face, arising, as the witness at first supposed, from intoxication; afterwards he thought it was occasioned by poison: he had but a day or two before walked ten miles. As the first adjournment was at the request of the defendant, and, for any thing that appears, for as long a time as he wanted in order to prepare for the trial;

and as the dispensing with the affidavit of the party himself was a question proper for the justice, and resting in sound discretion, we think the judgment must be affirmed.