## THE STATE OF IOWA,

DES MOINES, DECEMBER TERM, A. D. 1879.

IN THE THIRTY-THIRD YEAR OF THE STATE.

---

PRESENT:

Hon. JOSEPH M. BECK, Chief Justice.
" AUSTIN ADAMS,
" WILLIAM H. SEEVERS,  } JUDGES.
" JAMES G. DAY,
" JAMES H. ROTHROCK.

---

## LEWIS v. SOULE ET AL.

1. **Conveyance:** BY BANKRUPT TO ASSIGNEE. A deed executed by a bankrupt, conveying real estate to his assignee, is sufficient, *prima facie*, to authorize the assignee to maintain an action to quiet the title in himself.

2. **Tax Sale:** STATUTE OF LIMITATIONS: UNOCCUPIED LANDS. Where prairie land remains unoccupied for five years after the execution of a tax deed thereto, the possession is deemed to follow the tax title, and the holder thereof may maintain an action to protect such possession. Following *Moingona Coal Co. v. Blair*, 51 Iowa, 447. BECK, CH. J., and ROTHROCK, J., *dissenting*.

3. **Practice**: ACTION TO QUIET TITLE. An action to quiet title may be maintained in all cases where the defendant makes some claim adverse to the estate of the plaintiff, even where the former is in the actual possession of the land.

4. ———: FORM OF ACTION. The fact that legal relief is sought in an action in equity cannot be urged in abatement for the first time on appeal.

*Appeal from Webster Circuit Court.*

WEDNESDAY, SEPTEMBER 17.

THE plaintiff claims to be the owner of certain lands in Webster county, to-wit: N. W. ¼ of Sec. 22, Tp. 90, R. 29, west. He avers that the same was sold for taxes July 13, 1865, and that a tax deed was executed to one Pitt Cooke, and recorded July 20, 1867; that Pitt Cooke conveyed to one Jay Cooke, and Jay Cooke to the plaintiff, as trustee. He also avers that the defendants, as he is credibly informed and believes, make some claim to the land adverse to the estate of plaintiff, and prays that they be barred from setting-up said claim. The action was brought more than five years after the recording of the tax deed.

The defendants do not deny the tax sale or execution of the tax deed. But they deny that the plaintiff has acquired any title to the land, and insist that the action is barred by the statute of limitations. Judgment for plaintiff. Defendants appeal.

*John Doud, Jr., A. E. Clarke* and *J. D. Springer,* for appellants.

*Dosh Bros. & Carstens,* for appellee.

ADAMS, J.—I. The petition shows that Jay Cooke, at the time of the execution of the deed by him, was a bankrupt. The defendants assume that the averment means that he had been adjudicated a bankrupt, and they insist that he was by law prohibited from making any disposition of his property. He might, however, convey to

1. CONVEYANCE: by bankrupt to assignee.

an assignee in bankruptcy, and the petition avers that plaintiff holds the land as the assignee of Cooke, for his creditors.

The defendants further insist that there is no evidence of the plaintiff's appointment or qualification, and no evidence that the deed has been approved by any court of bankruptcy. But the deed would have the effect to pass the legal title, and we think that the plaintiff is at least *prima facie* authorized to maintain the action.

II. Section 902 of the Code provides that "no action for the recovery of real property sold for the non-payment of taxes 2. TAX SALE: shall lie unless the same be brought within five statute of limitations: years after the treasurer's deed is executed and unoccupied lands. recorded." This action was not brought within five years from the recording of the deed, and the defendants insist that it is barred.

The action is not in the form of an action for the recovery of real property, but even if it were it would not be barred. The land was unoccupied until after the lapse of the five years, and the case comes within the ruling in *Moingona Coal Co. v. Blair*, 51 Iowa, 447.

III. The evidence tends to show that at the time action was brought the defendants, and not the plaintiff, held possession. 3. PRACTICE: The defendants insist that the evidence is sufficient action to quiet title. to establish such fact, and that this action, which is virtually an action to quiet title, cannot be maintained, but only an action, if any, to recover real property.

Where the defendant is in possession, the action to recover real property is more appropriate, because more effectual. The plaintiff, if successful, becomes entitled to a writ of possession. Still it appears to us that the action to quiet title may be maintained in all cases where the defendant makes some claim adverse to the estate of the plaintiff. The defendants in this case make such claim, for they claim to be the owners of the property.

Finally, it is insisted that this action cannot be maintained, because it is denominated an action in equity, while the plaintiff claims to have the legal title, and has in fact the legal title if he has any.

It is not fatal to the action because it is denominated an action in equity. If the plaintiff shows in his petition that **4. ——: form of action.** his cause of action is at law, it was the defendants' right to have the action tried as an action at law, and if they omitted to avail themselves of that right it is too late to complain now.

In our opinion the judgment of the court below must be

AFFIRMED.

CHIEF JUSTICE BECK, and MR. JUSTICE ROTHROCK, dissent upon the second point of the opinion, and adhere to their views as expressed in the dissenting opinion in *Moingona Coal Co. v. Blair.*