## SHAWLER v. JOHNSON.

1. **Tax Sale:** VALIDITY: FAILURE TO ADVERTISE. The fact that the description of certain lands was omitted by mistake from the list of lands advertised for sale by the treasurer for delinquent taxes will not invalidate the sale when the taxes were in fact delinquent.

2. ——: TIME OF: DEED IS CONCLUSIVE EVIDENCE. The time of sale is not jurisdictional, and the tax deed is conclusive evidence of a compliance with the law in that respect.

3. ——: ACTION AFTER FIVE YEARS: STATUTE OF LIMITATIONS. The holder of a tax deed who is in possession may maintain an action to quiet title after the expiration of five years ·from the execution of his deed, and will be protected by the statute of limitations from any defense by the former owner that would be barred as an affirmative cause of action.

### *Appeal from Taylor Circuit Court.*

### FRIDAY, DECEMBER 5.

ON the 30th day of April, 1878, the plaintiff commenced this action, praying that his title to and estate in certain eighty acres of land in the petition described be established against the adverse claims of the defendant, and that the defendant be barred and estopped from having or claiming any right or title adverse to the plaintiff. Attached to the petition is an abstract of title, showing that on the 23d day of October, 1871, the treasurer of Taylor county executed a tax deed conveying said land to N. B. Moore, which tax deed was recorded on the same day, and that on November 17, 1875, N. B. Moore, by warranty deed, conveyed said land to the plaintiff.

To the petition the defendant answered as follows:

"1st.  Alleges that she is a resident of Jasper county, Iowa, and never resident in Taylor county.

"2d.  Denies that plaintiff is the owner in fee simple of the land described in his petition, or that he has any interest whatever therein other than that of possession wrongfully obtained and held.

" 3d. Defendant admits that plaintiff is now in possession of the land described in his petition, and that he has been in such possession for and during the period averred in said petition, and that such possession is held under a pretended tax deed made, executed, delivered and recorded at the date set out in his petition. (This paragraph was amended. See amendment.)

" 4th. Defendant further answering, and by way of new matter, alleges that from and after July 21st, 1862, up to the present date, she has been and now is the owner in fee simple of the land in plaintiff's petition described.

" 5th. That plaintiff pretends and alleges title in himself to said land on and through a pretended tax deed made, executed and delivered by the treasurer of Taylor county, Iowa, to N. B. Moore, under whom plaintiff claims:

" 6th. That said alleged title claimed to have passed by and through said pretended tax deed is inferior to the title of defendant and absolutely void.

" 7th. That the tax sale under and by virtue of which said pretended tax deed was made, executed and delivered, was made without advertisement of the land to be sold.

" 8th. That said land was sold on a day not authorized by law.

" 9th. That no valid tax deed was ever made, executed and delivered for said land to any one.

" 10th. That on Saturday, August 29th, 1868, the treasurer of Taylor county, Iowa, caused to be published in the Iowa South West, a weekly newspaper then published in said Taylor county, where the land in controversy is located, the following public notice:

'DELINQUENT TAX LIST FOR 1867.

'Notice is hereby given, that I will offer for sale at the court house door in Bedford, Taylor county, Iowa, on Monday, the 5th day of October, 1868, at 10 o'clock a. m., the following parcels of land for the taxes due for the year 1867, and all previous taxes, interest and costs that may have accrued

thereon. Sale to continue from day to day until all the lands are sold, or enough to satisfy the taxes due.

Dated August 29th, 1868.

E. ROSE,<br>
<i>Treasurer of Taylor County, Iowa.</i>'

"And following this notice was a description of lands which said description did not contain the land here in controversy, and the said description of lands was so grossly defective as to be entirely void, and thereupon on the 15th day of September, 1868, the said treasurer, finding that there was not time sufficient within which to advertise said land for sale on the 5th day (first Monday) of October, 1868, as required by law, added to the advertisement aforesaid the following published notice in the Iowa South West:

'POSTPONEMENT OF TAX SALE.

'Notice is hereby given, that on account of an error appearing in the non-resident lands of Platte township, the sale of all property advertised for sale of taxes due for the year 1867 and previous years, is postponed until Monday, the 12th day of October, A. D. 1868.

E. ROSE,<br>
<i>Treasurer Taylor County.</i>'

"And that on Monday, October 12th, 1868, said land was offered for sale and a sale thereof pretended to have been made, and on that pretended sale rests the validity of the tax deed and title through and upon which plaintiff claims.

"That said treasurer made said sale upon a day when by law he was absolutely unauthorized and forbidden so to do.

"12. That the recitations in said purchased tax deed as to the date of said sale and the adjournment thereof are absolutely false and fraudulent; that said land was sold on the 12th day of October, 1868, at a pretended tax sale begun and held on the second Monday (12th day) of October, 1868, and that the 12th day of October was the first day in 1868 upon which any tax sale was begun and publicly held in Taylor county, and that no tax sale was begun and publicly held on

the first Monday in October, as recited in said pretended tax deed, and no adjournment was had on and from that first Monday of October, 1868, or any other day in 1868, except on and from the 12th day (second Monday) of October.

"13. That the books of the treasurer's office of Taylor county, Iowa, show that a receipt was issued for the payment of taxes on the land in controversy for the year 1867, on the 13th day of May, 1868, the same being the taxes for which the said land was sold, or attempted to be sold on October 12, 1868, and on which sale, or pretended sale, plaintiff's alleged title rests; that the evidence of payment contained in said treasurer's books have been altered, changed and obliterated, and the stub of the receipt marked and canceled. And all this change, alteration, obliteration and cancellation being made without the knowledge or consent of defendant, wherefore defendant prays that her title to said land be quieted, and that said tax deed be set aside and canceled." Afterward the defendant filed an amendment to her answer so that the third paragraph thereof shall read as follows: " Defendant admits that the plaintiff is now in possession of the land in controversy, but alleges that his possession has been for a period not to exceed two years, but as defendant verily believes a much shorter time; that such possession is held under a pretended tax deed made, executed and recorded at the dates set out in plaintiff's abstract to his petition attached, which abstract is admitted to be correct."

To this answer the plaintiff demurred as follows:

"1st. The facts stated in defendant's answer do not constitute a defense in this: They go to the regularity only of proceedings under tax sale and deed, and the regularity or irregularity of proceedings under sale and deed is no defense to this action.

"2d. Defendant does not allege the payment of taxes, but states that the treasurer's books show a receipt for the taxes of that year for which the land was sold for non-payment of taxes, and also that the same book shows that said receipt has been canceled.

"3d. The answer shows that plaintiff's title is based on a tax deed executed and recorded more than five years before

the bringing of this suit, and that the matter alleged as defense is barred by the statute of limitations, and, therefore, cannot be pleaded as a defense to this action."

The court sustained this demurrer. The defendant excepted, and stood upon her answer and refused to amend.

Thereupon the court, upon the production of evidence, entered a decree according to the prayer of the petition.

The defendant appeals.

*Whiffin & Brown* and *D. H. Hazen*, for the appellant.

*G. B. Haddock*, for the appellee.

DAY, J.—It is conceded that, if there was a sale in fact of the lands in question, the statute of limitations has run in favor of the deed, and that the appellant, if plaintiff, would be barred from questioning the validity of the title derived through the sale. It is claimed, however, that the sale is void, and that therefore the statute of limitations does not run in favor of it.

1. It is claimed that the sale is void because the advertisement does not contain the land in controversy. The answer alleges that notice was given that a sale for delinquent taxes would occur on the day that the sale was made. The only complaint made under this head is that the notice did not contain the land in controversy. The notice fixed the time of sale. The delinquent was bound to know that the taxes on his land had not been paid. The law notified him that all delinquent lands were required to be offered for sale. He cannot shield himself from the consequences of his neglect merely from the fact that the published notice did not contain the land in question. Knowing that his lands were delinquent it ought to have occured to him that the omission was a mere mistake, and he should have governed his action in accordance with the suggestion.

Upon this question see *Allen v. Armstrong*, 16 Iowa, 508; *Hurley v. Powell, Levy & Co.*, 31 Id., 64; *Madson v. Sexton*, 37 Id., 562.

2. It is insisted that the sale is void because not made on

Shawler v. Johnson.

the first Monday of October, nor on the first Monday of some succeeding month. In *Clark v. Thompson*, 37 Iowa, 536 (541) it is held that the time of sale is not a jurisdictional matter, and that the deed is conclusive evidence of a compliance with the law in that respect. .

2. ——: time of: deed is conclusive evidence.

3. It is urged that the fact that a receipt was once issued, and then the stub canceled without the knowledge or consent of defendant is presumptive evidence that the taxes were paid. It may be that this fact would be evidence entitled to some consideration of the payment of this tax. But the answer does not allege such payment. No issue of such payment is made. The answer, in this respect, pleads mere evidence, and evidence of a fact not put in issue by the pleadings.

4. It is insisted that the plaintiff, by his petition and abstract, bases his right to said land on a tax deed, and so brings the same into court, and under such circumstances defendant cannot be barred by the statute of limitations from contesting the validity of the deed. In *Peck v. Sexton & Son*, 41 Iowa, 566, it was held that the original owner of lands, in possession of the premises, cannot be barred by the statute of limitations from maintaining an action for the removal of the cloud of an outstanding tax title.

3. ——: action after five years: statute of limitations.

The same principle applies to the owner of the premises under a tax title, who is in possession. He may, notwithstanding the statute, maintain an action to quiet his title. The mere fact that he brings such action does not open up the way for the patent title owner to assail the tax title in a manner that he could not do if he were plaintiff. As we have before said, the appellant concedes that if there was in fact a sale, he would be barred, if a plaintiff, from questioning the validity of the tax title. He is equally barred, being the defendant.

The demurrer was properly sustained, and the decree in plaintiff's favor was properly rendered. .

AFFIRMED.