[In Bank.— June 29, 1883.]

# G. J. CARPENTER ET AL., RESPONDENTS, v. THE NATOMA WATER AND MINING COMPANY, APPELLANT.

STATUTE OF LIMITATIONS—FORMER ACTION—JUDGMENT—EJECTMENT.—A judgment in ejectment does not create a new estate or vest a new title in the plaintiff so as to interrupt the running of the Statute of Limitations, where it has begun to run. An actual entry is necessary to stop the running of the statute.

APPEAL from a judgment of the Superior Court of El Dorado County.

The facts are stated in the opinion of Department Two, adopted by the court in Bank.

*A. P. Catlin,* for Appellant.

The suit and judgment in *Bugby* v. *Natoma Water Co.* did not interrupt the Statute of Limitations. (Freeman on Judgments, § 293; *Aslin* v. *Parkin,* 2 Burr. 666–668; *Yount* v. *Howell,* 14 Cal. 465; *Satterlee* v. *Bliss,* 36 Cal. 489.

*G. J. Carpenter,* for Respondent.

A judgment is the appropriate conclusion of an action, and it should and does conclude what it decides. It is conclusive of all antecedent defenses, including the bar of the statute. (*Burlen* v. *Shannon,* 99 Mass. 200; *Emery* v. *Fowler,* 39 Me. 326; *Montgomery* v. *Hernandez & Co.* 12 Wheat. 129; *Vassault* v. *Leitz,* 31 Cal. 225; *Knowles* v. *Inches,* 12 Cal. 212; *People* v. *Frisbie,* 26 Cal. 135; *Sherman* v. *Dilley,* 3 Nev. 21; *Harris* v. *Harris,* 36 Barb. 88; *Case* v. *Beauregard,* 101 U. S. 688.)

PER CURIAM. — We concur in the views of Department Two with respect to this case. The result reached by the department is sustained by decisions in other States. (Wood on Limitations, 272; *Doe ex dem. Kennedy's Heirs* v. *Reynolds,* 27 Alabama 377; *Smith* v. *Hornback,* 4 Litt. 233; *Jackson* v. *Haviland,* 13 Johns. 228.)

Lord Mansfield, in *Aslin* v. *Parkin,* 2 Burr. 665, speaking of the effect of a judgment, recovered in ejectment, as evidence in an action for *mesne profits,* remarked: " This judgment only

concludes the parties as to the *subject-matter* of it. Therefore, *beyond the time laid in the demise*, it proves nothing at all; because, beyond that time, the plaintiff has alleged no title," etc.

The judgment in the common law ejectment determined the plaintiff to have the right of possession during the demise laid in the declaration. Under our laws, ejectment, so called, may be employed to try title, and if the issue is as to plaintiff's seizin in fee, or for a less estate, the judgment in his favor determines that he was seized in fee, or, of the less estate, at the commencement of the action. But the judgment does not create a new estate, or vest a new title in the plaintiff, which interrupts the running of the Statute of Limitations, in case the same has begun to run. The running of the limitation can be interrupted only by an actual entry. The establishment of a *right*, in the lessor of plaintiff, to the possession for a term of years, did not, as the cases show, interrupt the running of the Statute of Limitations. There is no reason why the establishment of a right to a larger estate, by the judgment under our law, should interrupt the running of the statute. As an interruption of the statute, the judgment for the recovery of lands under our Code is no more effectual than a judgment in a common law ejectment.

Judgment reversed.

McKEE, J., dissented.

Ross, J., expressed no opinion.

The opinion of Department Two is given below.

MORRISON, C. J.— Plaintiffs brought an action against the defendant for the recovery of certain land described in the complaint, and defendant interposed as a defense to the action, the plea of the Statute of Limitations. The case comes up on the judgment roll, and it will be sufficient for us to refer to some of the findings filed by the learned judge before whom the trial was had : —

" That in the early part of the year 1851, the line of the canal mentioned in the pleadings was surveyed and located on the lands sought to be recovered in this action; and that during the years 1851 and 1852, the canal was being excavated by the defendant; and was completed through said lands about the 1st of

March, 1853, and has ever since been continuously used and possessed by defendant for running water therein. That all the land over and through which said canal was constructed was vacant, unclaimed public land of the United States government."

"That said canal is about twenty-five miles in length, with several branches; and ever since its construction has been claimed by the defendant as its property, and so continuously held and used. That the premises described in plaintiffs' complaint were at the time said canal was located and constructed, and for a long time thereafter, public lands, belonging to the government of the United States."

"That for more than twenty-six years before the commencement of this action, the part or portion of the lands described in plaintiffs' complaint as passed over and occupied by said canal of defendant, was in the continued, uninterrupted, absolute, peaceable, and exclusive possession of defendant, except as interrupted by the suit brought by plaintiffs' predecessor in interest, B. N. Bugby, to recover possession of said premises, as in the findings hereinafter set forth. That defendant claimed title thereto adverse to plaintiffs and all other persons, and that during all this time defendant was running water through said canal, and exercising dominion and control over the whole thereof, and running water therein for the purposes aforesaid."

"That defendant's right to the use of the land sued for in this action for the purposes of furnishing water for mining, agricultural, domestic, and other uses and purposes during all the time since the construction of said canal, has been uniformly acknowledged and recognized by the local customs and decisions of the courts of this State and the United States, except in the suit brought by plaintiffs' predecessor in interest, B. N. Bugby, against defendant, to recover possession of said land and premises, as hereinafter in these findings set forth."

"That on the 22d day of April, 1867, the State of California, under the provisions of an act of the Congress of the United States, entitled 'An act to provide for the survey of the public lands of California, the granting of the pre-emption rights therein, and for other purposes,' approved March 2, 1853, and in accordance with the various acts of the legislature of said State preceding said 22d day of April, 1867, did by letters

patent grant and convey to B. N. Bugby, the plaintiffs' prede-
cessor in interest, the tracts of land located and described as
follows, to wit: The southeast quarter, and the east half of the
southwest quarter, and the northwest quarter of the southwest
quarter, all of section No. 16, township No. 10 north, range
No. 8 east, Mount Diablo base and meridian, together with all
the privileges and appurtenances thereunto belonging and
appertaining."

By the twelfth finding it appears that Bugby (under whom
plaintiffs derive title), commenced an action similar to the pres-
ent on the 16th day of April, 1868, and recovered a judgment
therein in the district court in April, 1873; that an appeal was
taken to the Supreme Court and the judgment was affirmed on
the 30th day of April, 1875; that thereupon a writ of error was
taken to the Supreme Court of the United States, and by that
court the judgment of the Supreme Court of the State was
affirmed in the year 1878.

The complaint now before us was filed on the 18th day of
February, 1880. There is but one question in the case, and
that is, were the plaintiffs barred by the Statute of Limitations?
If not, it is very clear that the judgment was correct, and should
be affirmed. Was this statute saved by the bringing of the
action of Bugby against the defendant? The present action is
not founded upon the judgment in the Bugby case, and no
allusion is made to such judgment in the complaint filed in this
case. It is well settled that any interruption in the Statute of
Limitations stops its running and establishes a new date from
which it again begins to run. But does the bringing of an
action and the recovery of a judgment affect the right of the
defendant to avail himself of the statute as a defense in another
action, between which two actions there is no connection except
that they relate to the same subject-matter and are between the
same parties or their privies?

In his argument the learned counsel for the defense very per-
tinently says: "This action is not an action in aid of the
judgment put in evidence, nor a proceeding to procure the exe-
cution of that judgment." The present action is not a continu-
ation of the former one, and is in no measure connected with it.
It is a separate and independent proceeding which could have

been as well maintained without as with reference (by evidence or otherwise) to the first action and the judgment therein, and the plaintiff as fully established his right to a recovery after he had introduced his patent in evidence, as he did by superadding proof of a judgment in the case of Bugby, referred to above.

Our attention has not been called to any case which conflicts with the views above expressed, and we are not aware of any.

The California cases referred to by the learned counsel for plaintiffs are not in point.

Judgment reversed.

THORNTON, J., and SHARPSTEIN, J., concurred.