## GRIFFIN v. TURNER *et al.*

1. **Tax Title: STATUTE OF LIMITATIONS: WHEN TAX TITLE NOT BARRED.** A tax title is presumed to be valid, and under it the holder has constructive possession of unoccupied land, so that an entry upon it by the holder of the patent title is presumed to be a trespass, and until such entry is made the holder of the tax title has no occasion to do anything to establish his title as against the claimant under the patent title. Accordingly, where defendants had a tax title, and plaintiff, the holder of the patent title, made no claim to the land of which defendants were bound to take notice, until two days prior to the expiration of five years from the recording of their tax deed, when he took possession and made improvements, *held* that such taking possession within the five years did not estop them from claiming under their tax title after the expiration of the five years. (Compare *Francis v. Griffin*, 72 Iowa, 23, and other cases cited in opinion).

2. ———: **BUYING IN ONE'S OWN LAND.** Plaintiff, in an action to quiet his patent title as against defendants' tax title, insisted that defendants' tax title was invalid, because in acquiring it, they but paid the taxes on their own land. But *held* (1) that it was not shown to have been their land, and (2) that, if it were conceded to have been theirs, then plaintiff must fail, because his title was taken subject to actual notice of whatever right they had in the land.

*Appeal from Clay District Court.*—HON. GEORGE H. CARR, Judge.

FILED, SEPTEMBER 10, 1888.

ACTION in equity to quiet the title to real estate. After a trial by the court the petition of plaintiff was dismissed, and he appeals.

*Hughes & Chamberlain*, for appellant.

*Parker & Richardson*, for appellees.

ROBINSON, J.—Plaintiff claims to be the owner in fee-simple of the south half of the southeast quarter of section 6, township 94, range 35, in Clay county. This land was entered on the twenty-fifth day of May, 1857, by Jane Bruce. On the first day of December, 1859, a patent therefor was issued to her assignee, Edward A. Fuller, but never recorded. On the twenty-third day of July, 1884, Ed. Fuller and wife executed a deed to plaintiff for the consideration of twenty-five dollars, "conveying their interest in and to" the land in question. This was never recorded. The defendant Mary T. Turner claims to own the land by virtue of a treasurer's deed, executed to her pursuant to a sale made on the fifth day of November, 1877, for the delinquent taxes of 1876. This deed was recorded on the seventh day of April, 1881. The defendant Thomas F. Turner is the husband of his co-defendant. He alleges that he purchased the land in 1866, in good faith, and has ever since paid all taxes thereon, believing that he was the owner ; that after his purchase he discovered a defect in his chain of title as recorded, and that to perfect his title of record, and cure defects therein, he permitted the land to go to tax sale, and bid it in, and afterwards paid all taxes thereon.

I. The evidence shows that on the fifth day of April, 1886, the plaintiff caused to be hauled onto this land two loads of lumber. On the next day carpenters erected thereon a building about twelve by sixteen feet in size, and eight feet high. It was built on blocks, and leveled up, but had neither door nor window. The roof was made of common lumber, and the sides were of the same material. There was no floor. One witness states that the building was adapted for use as a dwelling or stable. After this building was erected, and during the same month, plaintiff caused three acres of land to be broken., Prior to April 5, 1886, the land was unbroken prairie, without improvements of any kind, and had never been in the actual possession of any one. Plaintiff insists that defendants are barred from now asserting title under the tax deed

1. TAX title : statute of limitations: when tax title not barred.

by reason of the provisions of section 902 of the Code. The defendants have resided in Illinois since 1866. In 1868 the husband visited Clay county, Iowa, and inspected the land. He redeemed it from a sale for the delinquent taxes of 1864-65, and paid all subsequent taxes to and including those for 1885, although those for 1876 were paid through the medium of a tax sale. Turner discovered the defect in his title, and in 1870 corresponded with Fuller in regard to it. In this correspondence Fuller stated that he believed he had purchased a parcel of land in Iowa, from Mrs. Bruce, but, if so, he had sold it. In April, 1877, Turner asked Fuller by letter for a quit-claim deed, but was refused on the ground, that if he had deeded the land once, he could not safely do so again. Fuller's recollection of the land was indistinct. He recalled a trade with Mrs. Bruce involving land, but he seemed to recollect nothing more. He was impressed with the belief that his interest in the land had been conveyed, and made no claim to it; on the contrary, disclaimed any interest in it. Some objection is made to this correspondence, but we think it is competent to show what claim plaintiff's grantor was then making to Turner. The correspondence clearly shows that Fuller made no claim to the land. Turner could not, therefore, have maintained any action against him. Plaintiff obtained a quit-claim deed from Fuller in July, 1884, but, so far as is shown, asserted no title under it, and did not take possession of the land until two days before the period of five years from the date of the recording of the tax deed expired. The evidence certainly justifies us in concluding that neither Fuller nor plaintiff made any claim to the land between the year 1866 and the fifth day of April, 1886, of which defendants were required to take notice. It is of course probable, and no doubt true, that plaintiff intended to assert a claim of ownership from the time he obtained his deed, and it may be that he believed himself to be the owner. But he withheld his deed from the record, and, after he had obtained it, permitted the defendants to pay the taxes of 1884 and 1885. Whether his motive in pursuing

this course was proper or not is immaterial to the issues
in this case.     Some years before the tax deed was
recorded, he had corresponded with Turner in regard to
this land, and by that means had knowledge of such
facts as charged him with notice of defendants' rights.
Appellant insists that by reason of his having taken
actual possession within five years from the recording
of the deed, the defendants are estopped from claiming
under their tax deed; citing *Barrett v. Love*, 48 Iowa,
103; *Executors of Griffith v. Carter*, 64 Iowa, 194;
*Barrett v. Holmes*, 102 U. S. 651.    This court held in
*Moingona Coal Co. v. Blair*, 51 Iowa, 448, that the
holder of the tax title had constructive possession of the
land, if it was unoccupied, by virtue of his tax deed.
See, also, *Lewis v. Soule*, 52 Iowa, 13; *Bullis v. Marsh*,
56 Iowa, 747.    Under the rule of these cases defendants
were in constructive possession of the land until but
two days were lacking to complete the bar of the statute
in their favor; and so far as they knew or could know,
no one was questioning their title.    In the case of
*Francis v. Griffin*, 72 Iowa, 24, it was said of the pur-
chaser under the tax deed that "until the former owner
does something indicating an intention to dispute his
title and ownership of the property, he has no cause of
action against him.    It would be an anomaly in the law
to require a party to go into the courts for the vindica-
tion of a right which the statute declares in advance is
a perfect right, and which is in no manner disputed."
If the tax deed was valid when recorded—as we must
presume it was, in the absence of a showing to the con-
trary—the action of plaintiff in taking possession of the
land was a trespass.    And yet, if the claim made in his
behalf is sustained, he will have deprived defendants of
their property by means of an illegal act, and without
due process of law.    When plaintiff took possession the
defendants, as he knew, resided in Illinois.    It was
therefore almost certain that they would acquire no
knowledge of plaintiff's act until after the lapse of more
than two days' time.    We do not think it is the intent
of the statute to bar an action by the tax-title owner

under such circumstances. The defendants' right of action did not accrue until the evening of April 5, 1886, at which time the teams of plaintiff were first driven upon the land (*Barrett v. Love*, 48 Iowa, 112); for Fuller had denied any interest in the land, and plaintiff claiming under a quit-claim deed took whatever interest he received subject to this denial of interest. Fuller, having once denied interest with knowledge of Turner's claim of title and purpose in making the inquiry, would be presumed not to have or make any claim adverse to Turner until notice to the contrary was given. Instead of giving such notice, Fuller and his grantee pursued such a course as would tend to strengthen the presumption that no adverse claim was made. Plaintiff admits that the building was erected, in part at least, to take possession of the land within the statutory five years; and we find nothing to justify the conclusions that his delay in taking possession until almost the last day of that period was the result of accident. It is the policy of the law to give to every one an opportunity to assert and protect his rights. The acts of Fuller and his grantee were well calculated to prevent this. We are of the opinion that under the facts in this case defendants are not estopped from asserting their tax title as a defense. This is in accord with the spirit and intent of the law. See *Francis v. Griffin, supra*.

II. We have treated the title conveyed by the tax deed as held by defendants in common. The evidence shows that the husband bought the land at tax sale for the purpose of protecting the title which he supposed that he held. He assigned the certificate of sale to his wife a short time before the deed was issued. Their money was in a common fund, and the various sums used at tax sale and in paying taxes were taken from this fund. It is claimed by appellant that defendants can claim nothing by virtue of the tax deed, for the reason that they claimed to own the land, and therefore could not acquire a valid tax title, but that the money paid at tax sale was in effect only a payment of taxes. If it be conceded

2. ——: buying in one's own land.

that defendants owned the land when it was sold for taxes, then plaintiff must fail, because he obtained whatever interest he has, charged with notice of defendants' title. But it is not shown that defendants were the owners of the land prior to the execution of the tax deed; therefore they were not at that time under any obligation to pay the taxes, nor to protect the title. Hence, so far as shown, there was nothing to prevent their obtaining a valid tax title. The decision of the district court is                                              AFFIRMED.