T. R. MOSSMAN *v.* S. B. DOLE, C. M. COOKE, HENRY HOLMES, C. M. HYDE, J. O. CARTER, S. M. DAMON, W. F. ALLEN and W. O. SMITH, Trustees of the Bernice Pauahi Bishop Museum, DAVID KAWANA-NAKOA and JONAH KALANIANAOLE.

ORIGINAL.

SUBMITTED APRIL 24, 1902.                    DECIDED JULY 28, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

In a statutory action to quiet title, the judgment may, in a proper case, include an award of possession and be enforced by a writ of possession.

*Quere*, whether an unexecuted judgment for possession stays the running of the statute of limitations.

OPINION OF THE COURT BY FREAR, C.J.
(Galbraith, J., dissenting.)

This is a submission without action, under the statute, on agreed facts.

The plaintiff brought a statutory action to quiet title October 11, 1899, in the Circuit Court of the Fourth Circuit, against the defendants, the subject of the action being the title to the Ahupuaa of Waipio, covered by Royal Patent 7529 and situated on the island of Hawaii. The plaintiff proposes to show in that action that he is entitled to the title and possession of that land— or at least an undivided part thereof. The defendants are now and were continuously for more than ten years prior to January 1, 1899, in possession of the land holding adversely to the plaintiff. That case is now at issue, as are also many other similar cases, the result of which may depend largely on the questions of law now raised. (These cases, as we understand, have arisen under the same circumstances as that of *Mossman v. Government*, 10 Haw. 421).

The period of limitations for real actions was reduced from twenty to ten years by Act 19, Laws of 1898, which took effect January 1, 1899, with a proviso that the twenty year period should apply as to rights then existing, in actions brought thereon within one year thereafter.

The questions submitted are:

1. May a judgment in an action to quiet title in favor of a plaintiff who is out of possession include an award of possession, and, if so, may process in the nature of a writ of assistance or of possession issue to put him in possession? Or

2. May possession be obtained, if at all, only by means of an action of ejectment?

3. Would a judgment for the plaintiff in the action to quiet title stay the running of the statute of limitations, so as to prevent the defendants in a subsequent action of ejectment from setting up the defense of the statute, which they could otherwise set up?

The defendants contend that the statute relating to actions to quiet title permits an adjudication of the title only and not of the possession and does not permit the issuance and execution of a writ of possession, but that the plaintiff's only means of obtaining possession, in case he should obtain judgment in the

action to quiet title, would be to bring an action of ejectment subsequently, but that it is now too late to do that for the reason that the period of limitations has already run, though it had not when the action to quiet title was commenced and that the judgment alone in that action, not followed by a change of possession, would not interrupt the running of the statute. If that is so, it would of course be a waste of time and money to proceed with the numerous pending actions to quiet title.

The first question is answered in the affirmative. This requires the second to be answered in the negative and renders an answer to the third unnecessary. An answer to the third in the affirmative would make it unnecessary to answer either of the other two.

Without deciding the third question, it may not be out of place to remark that, although the law seems to be settled that the bringing of an unsuccessful action would not stay the running of the statute (*Willard v. Wood,* 164 U. S. 502, 523), and that the bringing of a successful action would stay it for that particular action so that the judgment though rendered and the execution though issued after the expiration of the period of limitation would be effective if the action were begun before that period had expired (*Breon v. Robrecht,* 118 Cal. 469), and although most of the text books and the earlier cases seem to support the view that judgment alone in one action, not followed by a change of possession, would not stay the running of the statute as to another action, yet the cases as a whole as well as the reasoning on the subject seem to leave this last question in great doubt to say the least. The text-writers do not discuss the proposition but as a rule merely cite a few of the earlier cases. Many of the cases contain *dicta* only or else mere rulings without either setting forth the reasoning or citing authorities. In a number of recent cases the courts decline to follow the earlier cases and in some they attempt to show that most of the earlier cases are really not in point. · Among the cases *pro* and *con* see *Carpenter v. Natoma W. & M. Co.,* 63 Cal. 616; *Hopkins v. Calloway,* 47 (7 Cold.) Tenn. 37; *Forbes v. Caldwell,* 39 Kan.

14 (17 Pac. 478); *Kennedy's Heirs v. Reynolds*, 27 Ala. 364;
*Smith v. Hornback*, 14 Ky. (4 Litt.) 232 (14 Am. Dec. 122);
*Bright v. Stevens*, 1 Houst. (Del.) 240; *Jackson v. Haviland*,
13 Johns. 228; *Smith v. Trabue*, 1 McLean 87; *Gower v. Quin-
lan*, 40 Mich. 572; *Barrell v. Title Guar. Co.*, 27 Or. 77; *Snell
v. Harrison*, 131 Mo. 495, and *Estes v. Nell*, 140 Mo. 639, over-
ruling *Mabary v. Dollarhide*, 98 Mo. 198; *Oberein v. Wells*,
163 Ill. 101; *Bradish v. Grant*, 119 Ill. 606; *Bailey v. Laws*,
3 Tex. Civ. App. 529 (23 S. W. 20); *Brolaskey v. McClain*, 61
Pa. St. 146. We need not set forth the line of reasoning that
commends itself most to us.

As to the first question, it is clear that if the judgment in an
action to quiet title may include an award of possession it may
be enforced by a writ of possession. Whether the judgment may
include such an award or whether, if it does not, a writ of pos-
session may issue, is not so clear. In the nature of the case
there are probably no authorities directly in point, for as a rule
under statutes relating to actions to quiet title elsewhere, either
the statute expressly provides for an award or a writ of posses-
sion or else the statutory proceeding is regarded as equitable
under the code procedure and consequently as carrying by impli-
cation the power which courts of equity undoubtedly have of
issuing writs of assistance or possession. Here law and equity
forms are kept distinct and the statute in question provides for
an action at law only (*Hakalau Pl. Co. v. Kahuena*, 14 Haw.
189, 196), and contains no express provision as to whether pos-
session may be awarded or enforced in favor of one out of pos-
session. The statute must be construed in large measure by it-
self. Its provisions are set forth in Civ. L., §§1773-6. It is Act
18 of the Laws of 1890, entitled "An Act to provide for the
quieting of titles, estates and interests in real property," and
reads as follows:

"§1773. Action may be brought in the Supreme Court or in
any of the Circuit Courts by any person, against another person,
who claims adversely to the plaintiff an estate or interest in real
property, for the purpose of determining such adverse claim.

"§1774.   Any person may be made a defendant in such action who has, or claims an interest in the property adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein.

"§1775.   If at the time of the commencement of such action the property in question is in the possession of a tenant, the landlord may be joined as a party defendant.

"§1776.   If in such action the defendant disclaim in his answer any interest or estate in the property or suffer judgment to be taken against him without answer, the plaintiff shall not recover costs."

Under this statute an action may be brought by one out of possession as well as by one in possession.  *Kahoiwai v. Limaeu,* 10 Haw. 507; *Ahmi v. Ashford,* 12 *Id.* 12.   The title of the statute is broad showing an intention to provide a convenient method "for the quieting of titles, estates and interests" in real property.   The first section provides that the action may be brought against any one who claims adversely an "estate or interest   * *   *,   for the purpose of determining such adverse claim."   The Supreme Court of California, in construing a similar section said: "It will be noticed that" the section, "which provides for the determination of adverse claims to realty, is very broad in its terms, and includes all adverse interests, from a claim of title in fee to the smallest leasehold."   *Landregan v. Peppin,* 94 Cal. 465, 467.   The second and fourth sections also refer to "an interest" and "any interest or estate."   The statute would seem to be broad enough to permit of a determination of mere possessory interests or rights of possession as well as of titles of the highest order.   Section 3 bears out this idea by providing that if a tenant defendant is in possession, the landlord also may be joined as a party defendant.   That would no doubt be the case without express provision, but it emphasizes the intention or thought of the legislature that the statute should be convenient and broad, and tends further to show that the recovery of possession was in contemplation in cases in which that remedy was appropriate.   If a change of possession could not be awarded or enforced a very narrow construction would have to

24-D

be put on the words "quieting," "estate," "interest," "deter-
mine," &c. There is nothing in the nature of an action or suit
to quiet title that makes such a remedy inappropriate. In stat-
utory actions or suits to quiet title elsewhere, whether regarded
as calling for legal or equitable relief, possession is awarded and
enforced and the same is true in ordinary suits in equity to quiet
title. The action or suit is not in its nature one merely to de-
termine a status or declare a fact for use at some future time. It
is designed to afford definite, immediate relief. Nor is there any-
thing in the nature of a writ of possession that makes it inap-
propriate in an action at law. Indeed, it is peculiarly a legal as
distinguished from an equitable writ. It was originally confined
to actions at law, and when introduced in equity, it was on the
principle that equity when it once acquires jurisdiction on other
grounds will do complete justice and to avoid a multiplicity of
suits will grant purely legal relief which it could not otherwise
grant. If a writ of possession may be issued in a legal action to
acquire title, it does not follow that other kinds of relief that are
given in equitable suits to quiet title may also be given in a
legal action of this nature, such as by injunctions, deeds of con-
firmation, cancellation or reformation of deeds, &c., for they are
purely equitable remedies. See *Flores v. Maka*, 11 Haw. 512.

If, then, the statute is broad enough to cover all degrees of
titles, estates and interests, and if there is nothing in the nature
of the action or the relief to prevent, why should not the relief by
writ of possession be granted in an appropriate case in order to
do complete justice and make the statute as effective as it ap-
parently was intended to be? We might reason by analogy from
the practice in equity in so far as that is founded on good sense
and is not inconsistent with purely legal principles. For instance,
in *Root v. Woolworth*, 150 U. S. 401, a decree had been made
settling a plaintiff's right and title to a certain parcel of land,
and the question was whether under a supplemental bill to carry
the former decree into effectual execution, a writ of possession
could properly issue. The Court said, on page 412:

"It is said, however, on behalf of the appellant, that the orig-

inal .decree only undertook to remove the cloud upon the title, and did not deal with the subject of possession of the premises, and that the present bill, in seeking to have possession delivered up, proposes to deal with what was not concluded by the former decree. This is manifestly a misconception of the force of the original decree, which established and concluded Morton's title as against any claim of the appellant, and thereby necessarily included and carried with it the right of possession to the premises as effectually as if the defendant had himself conveyed the same. The decree in its legal effect and operation entitled Morton to the possession of the property, and that right passed to the appellee as privy in estate.

"In *Montgomery v. Tutt*, 11 California, 190, there was a decree of sale, which did not require or provide for the delivery of possession of the premises to the purchaser. Subsequently the defendant refused to surrender possession, and a writ of assistance was sought by the purchaser to place him in possession of the premises under the master's deed. Field, J., delivering the opinion of the court, said:

" 'The power of the court to issue the judicial writ, or to make the order and enforce the same by writ of assistance, rests upon the obvious principle that the power of the court to afford a remedy must be coextensive with its jurisdiction over the subject matter. Where the court possesses jurisdiction to make a decree, it possesses the power to enforce its execution. It is true that in the present case the decree does not contain a direction that the possession of the premises be delivered to the purchaser. It is usual to insert a clause to that effect, but it is not essential. It is necessarily implied in the direction for the sale and execution of a deed. The title held by the mortgagor passes under the decree to the purchaser upon the consummation of the sale by the master's or sheriff's deed. As against all the parties to the suit, the title is gone; and, as the right to the possession, as against them, follows the title, it would be a useless and vexatious course to require the purchaser to obtain such possession by another suit. Such is not the course of procedure adopted by a court of equity. When that court adjudges a title to either real or personal property, to be in one as against another, it enforces its judgment by giving the enjoyment of the right to the party in whose favor it has been decided.' "

*Oberein v. Wells*, 163 Ill. 101, was a suit to enforce a former,

decree which not only settled the title but awarded possession. It was objected that possession could not properly be awarded under the former decree. The court said, at page 111:

"The court having found and decreed ownership, possession was an incident thereto, and was properly decreed. It is the duty of a court of equity having acquired jurisdiction of a cause to grant complete relief and do justice between the parties. * * * 'The power to effectuate its decrees is inherent in the nature of a court of equity. Possession is one of the elements which is necessarily involved in the ownership of real estate. Where a court of equity finds the petitioner to be the owner in fee of premises, it is not obliged to send him to a court of law to get the possession which it has decided he is entitled to.' *Harding v. Fuller*, 141 Ill. 308." In *Gormley v. Clark*, 134 U. S. 336, 350, it was said that "the writ of assistance was simply in effectuation of the decree." This case and the Illinois cases arose under the "Burnt Records Act" and were equitable in their nature, but the proceeding was a special statutory proceeding in the nature of an action or suit to quiet title, and the statute, as we understand, merely gave the court "power to inquire into the condition of any title to or interest in any land in such country, and to make all such orders, judgments and decrees as may be necessary to determine and establish said title or interest," &c., and did not expressly authorize awards of possession or the issuance of writs of assistance or possession. The courts seem to have held that such relief could be granted on the grounds that possession was an incident to ownership, that the power to enforce a delivery of possession was a power to effectuate the decree or judgment of title or ownership, and that equity may grant complete relief, legal as well as equitable, once having obtained jurisdiction. In the present case we have no need to resort to the last mentioned ground inasmuch as the action under our statute is legal. But the other two grounds would seem to apply with full force. The words of our statute are similar—"title," "interest," "determine," &c., and the court has inherent power to effectuate its judgments. But we need not rely on the inherent power. The general statute (Civ. L., §. 1150) provides, somewhat as did the Illinois special statute, that "the several Circuit Courts shall have power * * * to make and award all such judgments, decrees, orders and mandates, to issue all such executions and other processes, and to do all such other acts, and to take all other steps necessary.

to carry into full effect all the powers which are or may be given to them by the laws of the Territory, or which may be necessary for the promotion of justice in matters pending before them." See also Civ. L., §§ 1165, 1467.

It is true in *Lewis v. Soule,* 52 Ia. 11, cited by defendants, the court said, in a statutory suit to quiet title, that, "where the defendant is in possession, the action to recover real property is more appropriate, because more effectual. The plaintiff, if successful, becomes entitled to a writ of possession." But the court overruled the contention that the action could not be brought by one out of possession, and in a later case the same court disposed of a similar contention by saying, after referring to *Lewis v. Soule, supra*: "We know of no reason or principle of law which stands in the way of the plaintiff, in such a case, uniting a prayer to recover possession with the prayer that the cloud on his title be removed." *Lees v. Wetmore,* 58 Ia. 170.

It is true also that in *Kahoiwai v. Limaeu,* 10 Haw. 507, the court intimated that equity had more extensive and complete powers in suits to quiet title, but it did not intimate in what respects and overruled the contention that equity alone had jurisdiction. The court said also in the same case, overruling another contention: "Whether," in an action to quiet title by one out of possession, "possession can be obtained except by a writ in an ejectment suit is not before us for consideration." But no opinion was expressed on that question.

Just what the allegations and prayers are in the actions to quiet title we do not know. Whether there should be a specific prayer for possession we need not now say. Authorities elsewhere seem to differ on this point.

The first question is answered in the affirmative. It is unnecessary to answer either of the other two questions, although the answer to the first question requires, as a corollary, a negative answer to the second question.

*W. R. Castle, P. L. Weaver, Jr.,* and *Andrews, Peters & Andrade* for plaintiff.

*Kinney, Ballou & McClanahan* and *Holmes & Stanley* for defendants.

DISSENTING OPINION OF GALBRAITH, J.

The scope of this special statute authorizing the action at law to quiet title is by the majority opinion extended, by implication, beyond its plain terms. To me this construction seems unwarranted.

The statute permits an action to be brought "against another person, who claims adversely to the plaintiff an estate or interest in real property, for the purpose of determining such adverse claim."

The "estate or interest" in property is often a very different thing from the possession. The estate or interest is frequently in one person and the possession or right to possession in another. The statute by its terms does not authorize the trial of the right to the possession but the "adverse claim" to real property.

No case has been cited where a court of law, in a jurisdiction where the distinction between law and equity is maintained in this kind of action, has tried the right to the possession of the property in the absence of a special provision of statute authorizing it. The cases cited where courts have awarded the writ of possession in suits in equity do not even by analogy sustain the construction given this statute. The courts here would issue the writ if the action were brought on the equity side of the docket. Still I take it that this would be no justification for a court of law in doing it.

It was said by this court: "Although equity has cognizance of suits to quiet title in lands with more extensive and complete powers, the legislature has seen fit to confer upon certain law courts this special right of action. The existence of a remedy in equity does not affect the right of the plaintiff to choose and pursue the statutory remedy. We are not to consider the effectiveness of the statutory remedy, or whether some other form of action would be better suited to this case, provided plaintiffs here have substantially followed the statute." *Kahoiwai v. Limaeu,* 10 Haw. 507, 509.

It does not appear in what respect the equitable action can be

"more extensive and complete" if in the law action the court can try the right to the possession and award the writ of possession. If that be true the law action is more extensive and complete or may be so for the reason that in the law action the right to a jury trial is available.

The fact that the construction contended for by the defendants would give the statute a narrow scope is no argument against its correctness since it gives it as wide range as the language used seems to warrant.

If the legislature intended by this statute to confer on "certain law courts" as extensive jurisdiction as that possessed by courts of equity in this action such intention is not plain and clear from the language employed. Legislatures in other jurisdictions have expressly given the extended powers to law courts by the terms of the statute and these statutes were in existence in 1890, (the date of the enactment of the statute) and are presumed to have been known to the legislature here. In view of these facts I am forced to the conclusion that if it had been intended to give this law action to quiet title the broad and comprehensive scope it has in equity language would have been employed leaving no doubt as to such intention.

The writ of possession may be peculiarly a law writ but if it issues in the law action to try title it is by virtue of the inherent powers of a court of general jurisdiction "to do full and complete justice" over a subject matter before it. Such power ought not to be claimed for a law court in a Territory where the distinction between actions at law and suits in equity is still maintained. The right of the law court to try the action is given by statute and its powers should be confined within its plain terms.